(72 Misc. Rep. 434.)

## In re HAY.

(Supreme Court, Trial Term, Albany County.  July 11, 1911.)

1. OFFICERS (§ 4*)—CIVIL SERVICE—REMOVAL—RIGHTS OF OFFICER.

  Under the provisions of Civil Service Law (Consol. Laws 1909, c. 7) § 22, that no appointee or employé who has served the required time in a volunteer fire department shall be removed except for incompetency or misconduct, and that on abolishment of a position for economy or otherwise he shall be transferred, on a position held by a veteran fireman being abolished in bad faith, he is entitled to be restored; and, if it is abolished in good faith and the duties transferred to a similar position created, he is entitled to a transfer to such position.

  [Ed. Note.—For other cases, see Officers, Dec. Dig. § 4.*]

2. MANDAMUS (§ 77*)—ALTERNATIVE WRIT—PROPRIETY—CIVIL SERVICE.

  Alternative writ of mandamus properly issues against the state superintendent of public buildings at the suit of an officer whose position has been abolished by the superintendent, where the latter's good faith is in issue.

  [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 161–169; Dec. Dig. § 77.*]

Application by Miller Hay for writ of mandamus.  Alternative writ granted.

Frost, Daring & Warner (J. Sheldon Frost, of counsel), for applicant.

Thomas Carmody, Atty. Gen. (Mr. Vann, of counsel), for Superintendent of Public Buildings.

RUDD, J.  Miller Hay has been since February 15, 1907, paymaster in the department of public buildings.  A position in that department known as storekeeper was on or about July 1, 1909, abolished, and the duties and the work pertaining to that office were added to those of the position held by petitioner previously, and from July 1, 1909, Miller Hay was paymaster and storekeeper in the department of public buildings.  The petitioner is an exempt fireman, having served five years in the fire department in the city of Cohoes.  There is no question as to the petitioner's competency, and no suggestion has been made as to his misconduct or failure to properly perform the duties of the position which he has held.  It must be admitted that the work devolving upon the petitioner as paymaster and storekeeper must be performed by some person in connection with the work of the department of public buildings.  The superintendent of public buildings says that the duties of the position occupied by Mr. Hay required him to keep and check the time of the various employés of the department, to draw checks for the payment of their wages, to distribute checks to the various employés, and to see that the pay roll was signed by each of them, and that he also had charge of the storeroom containing the various articles necessary to be used in cleaning the buildings and of daily use in the various offices in the public buildings of which the superintendent had charge.  The position of paymaster was classified by the state civil service commission as exempt.  The superintendent determined

──────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on or about the 20th of February, 1911, that the duties performed by the paymaster could be largely combined with those of a private secretary, and that these duties could be performed by the private secretary and others, without additional expense, and with advantage to the state. The superintendent also was of the opinion that the position filled by the petitioner was more properly classified as cashier than as paymaster, and on the 20th of February, 1911, he therefore abolished the position of paymaster, requesting the petitioner to turn in his keys, and notified the civil service commission of the abolition of this position, and requested to have classified as exempt in the department of public works the position of private secretary and cashier, to which position the superintendent of public buildings appointed Martin Van Buren Quinn.

The superintendent alleges that he did not discharge the petitioner, Miller Hay, from the position occupied by him, but that he simply notified him that the position of paymaster had been abolished. He also alleges that the office was abolished in good faith. About two months after the superintendent had notified the petitioner that he had abolished the position of paymaster, the state civil service commission adopted a resolution classifying the position of private secretary or cashier in the exempt class in the department of public buildings in place of the position of paymaster. It is alleged by the petitioner that the abolition of the position of paymaster and the creation of the position of private secretary and cashier was not done in good faith.

[1] The law says no person holding a position by appointment or employment in the state of New York who shall have served the time required by law in the volunteer fire department of any city shall be removed from such position, except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with a right to such employé or appointee to review by a writ of certiorari (Consol. Laws 1909, c. 7, § 22). If it is important for the superintendent of public buildings to have a private secretary, that does not mean that the statute intending to protect those who have served the state as firemen, or as soldiers, shall be in effect abrogated. The section of the civil service law relating to this subject further provides that, in the event that a position held by one who has served his time as a volunteer fireman shall be abolished for reasons of economy or otherwise, then the volunteer fireman shall not be discharged from the public service, but shall be transferred to another branch of said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is made the duty of all persons clothed with power of appointment to make such transfer effective. There is in the act nothing which prevents the abolishment of an office, but there is in the act something which controls the appointing power in providing in effect a similar position to the exempt fireman who has properly and satisfactorily discharged his duty.

If a position has been abolished in bad faith and not in the interests of economy, a veteran is entitled to be restored. If the position

was abolished in good faith and the duties of the position created were similar to the position abolished, he was entitled to a transfer to such position. The new appointee is performing one part of the duties heretofore performed by the petitioner, as appears by the affidavit of the superintendent, and the balance of the duties which fall to the position are being performed by "others." It has been determined by the courts that a position can be abolished in good faith in order to secure more efficiency, even where the position is held by a veteran.

[2] It is claimed on the part of the superintendent that the petitioner does not controvert the fact that the position was abolished in good faith, and that for that reason no writ of mandamus should be granted.

I understand from the papers that the question of good faith is the very issue here. The facts are set forth by the petitioner in detail, including notices served by the petitioner showing that he was an exempt fireman, and the petitioner claims that what was done by the superintendent of public buildings was done in bad faith, or at least that it is a fair conclusion or inference to be drawn that what was done was done in bad faith. As to whether it was done in good faith, or in bad faith, is the question to be determined.

There seems also to be some question as to the power of the superintendent to abolish the position held by the petitioner, excepting pursuant to the approval of the trustees of public buildings.

However that may be, the real question is whether what was done by the superintendent of public buildings in connection with the abolishment of the position of paymaster, and the consequent removal of the petitioner was done in the best interests of the state, and in accordance with the provisions of the law which is intended to protect those who are similarly situated with the petitioner here. On the one side it is claimed that it was for the betterment of the service that the superintendent might have some one upon whom he might confidently rely as private secretary, and, upon the other hand, it is claimed that it was the means of securing or accomplishing the appointment of one person in place of another, was not in good faith, and was in violation of the law. All of the facts relating to the particular work devolving upon the paymaster and the storekeeper and the private secretary should be ascertained in order that the question of good or bad faith can be legally determined.

An order may be entered granting an alternative writ of mandamus.