PEOPLE ex rel. RAY v. McANENY, President of Borough of Manhattan.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

MANDAMUS (§ 76*)—CIVIL SERVICE—ABOLITION OF POSITION—VACANCY—APPOINTMENT.

　　Civil Service Law (Consol. Laws, c. 7) § 22, as amended by Laws 1910, c. 264, provides that, where a position in a classified service is abolished,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the head of the department shall furnish the name of the person affected to the civil service commission, with a statement and the date of his original appointment. *Held,* that where relator was employed as foreman painter in the bureau of buildings, and his position was abolished and his name certified as provided by section 22, there was no existing vacancy, nor was the president of the bureau required to create a vacancy by the removal of some other person for his benefit, and he was not entitled to mandamus to compel his reinstatement.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 158–160; Dec. Dig. § 76.*]

Appeal from Special Term, New York County.

Petition by the People, on relation of Samuel Ray, for a writ of mandamus directing George McAneny, as President of the Borough of Manhattan, to reinstate the relator to the position of foreman painter in the Bureau of Buildings. From an order denying a writ, relator appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred J. Talley, of New York City (Denis R. O'Brien, of Brooklyn, on the brief), for appellant.

Archibald R. Watson, Corp. Counsel, of New York City (Elliott S. Benedict, of New York City, of counsel, and Terence Farley, of New York City, on the brief), for respondent.

PER CURIAM. The order appealed from should be affirmed, upon the ground that the relator has not shown that there is any vacancy existing to which he could be appointed, and that the respondent is not required to create a vacancy by the removal of some other person for his benefit. Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670; People ex rel. Chappel v. Lindenthal, 173 N. Y. 524, 66 N. E. 407; Matter of Gilfillan, 127 App. Div. 846, 111 N. Y. Supp. 808, affirmed on opinion below 193 N. Y. 655, 87 N. E. 1119; People ex rel. Forest v. Williams, 140 App. Div. 723, 125 N. Y. Supp. 583; Barton v. Brannan, 141 App. Div. 295, 126 N. Y. Supp. 47.

The position that he occupied has been abolished. No one has been appointed in his place, and the command of the statute (section 22 of the Civil Service Law [chapter 7, Cons. Laws; Ch. 15, Laws 1909], as amended by chapter 264 of Laws of 1910), that "it shall be the duty of the head of the department or office in which such persons had been employed to furnish the names of the person or persons affected to the state civil service commission, with a statement in the case of each, of the date of his original appointment in the service," has been complied with.

The order appealed from should be affirmed, with $10 costs and disbursements.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes