THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELBERT T. DAVISON, Respondent, *v.* WILLIAM WILLIAMS, as Commissioner of the Department of Water Supply, Gas and Electricity of the City of New York, Appellant.

Civil service — volunteer firemen — New York (city of) — discharge of laborers on account of reduced appropriation — when discharged volunteer fireman entitled to preference in employment and reinstatement.

1. The rights of volunteer firemen are not the same as those of veterans of the Civil war, who are entitled, under the statute, to be preferred in "appointment and promotion." Where the number of laborers in the department of water supply, gas and electricity of the city of New York was reduced on account of a lack of appropriation, a volunteer fireman is not, under section 22 of the Civil Service Law (Cons. Laws, ch. 7, § 22), entitled to be retained in preference to other laborers.

2. But where it appears that although a number of laborers, including the relator, were discharged because of an insufficient appropriation, two other city employees were at the same time, and under the same appropriation, demoted from another department, and reclassified as laborers and retained as such, thereby creating a new position at the same time as that of the relator was abolished, the relator is entitled to preference and should be reinstated. (Civil Service Law, Cons. Laws, ch. 7, § 22.)

*People ex rel. Davison* v. *Williams*, 164 App. Div. 900, affirmed.

(Argued October 7, 1914; decided November 17, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 31, 1914, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel reinstatement of the relator in the position of laborer in the department of water supply, gas and electricity of the city of New York.

The facts, so far as material, are stated in the opinion.

*Frank L. Polk, Corporation Counsel* (*Terence Farley, Elliot S. Benedict* and *Leon N. Futter* of counsel), for appellant. Neither section 21 nor section 22 of the Civil

Service Law entitles a volunteer fireman to a preference in retention in the public service over those who are non-veterans. (*Matter of Stutzbach* v. *Coler*, 168 N. Y. 416; *Reidy* v. *City of New York*, 185 N. Y. 141; *People ex rel. Chappel* v. *Lindenthal*, 173 N. Y. 524; *People ex rel. Ray* v. *McAneny*, 153 App. Div. 884; 209 N. Y. 533; *Matter of Pratt* v. *Phelan*, 67 App. Div. 349; *People ex rel. Hamilton* v. *Stratton*, 79 App. Div. 149; *Matter of Jones* v. *Willcox*, 80 App. Div. 167; *People ex rel. Cattermole* v. *Bensel*, 121 App. Div. 478; 190 N. Y. 526; *People ex rel. Lathers* v. *Raymond*, 129 App. Div. 477; *Cottam* v. *City of New York*, 74 Misc. Rep. 67.)

*Alfred T. Davison* for respondent. Because the relator is a veteran volunteer fireman and one of a class of laborers, he cannot be removed, while others, members of the same gang or division, who are not veteran volunteer firemen, or veterans of any class favored by the Civil Service Law, are still retained. (*Matter of Stutzbach* v. *Coler*, 168 N. Y. 416; *People ex rel. Chappel* v. *Lindenthal*, 173 N. Y. 524; *Matter of Dooley*, 81 Misc. Rep. 340; *Matter of Pratt* v. *Phelan*, 67 App. Div. 340; *Cottam* v. *City of New York*, 74 Misc. Rep. 67; *People ex rel. Ray* v. *McAneny*, 153 App. Div. 884; 209 N. Y. 533; *Matter of Breckenridge*, 160 N. Y. 103; *Matter of Gilfillian*, 127 App. Div. 846, 850; 193 N. Y. 655; *People ex rel. Forest* v. *Williams*, 140 App. Div. 723; *People ex rel. Traphagen* v. *King*, 13 App. Div. 401; *People ex rel. Jones* v. *Willcox*, 80 App. Div. 167, 171; *People ex rel. Vineing* v. *Hayes*, 135 App. Div. 19; *People ex rel. Moloney* v. *Waring*, 7 App. Div. 204.)

CARDOZO, J. The relator is a volunteer fireman. For nine years he was employed as a laborer in the department of water supply, gas and electricity of the city of New York. On January 1, 1914, he was informed that until further notice he would not be allowed to work, and on February 6, 1914, he received a written order of

removal, in which it was stated that he had been removed on account of lack of appropriation, and that his name had been returned to the civil service commission to be placed on the preferred eligible list.    The budget of 1914 made allowance for only 261 laborers, and from 273 to 276 were on the payroll of the department.    In order to keep within the appropriation the number had to be reduced.    Several laborers, exactly how many the record does not show, were, therefore, dropped from the roll, and among them was the relator.    Simultaneously with these changes, two men who were not laborers, but who had been employed as assistant foremen and well drivers, were demoted, and are now classified as laborers.    These assistant foremen and well drivers were not provided for in the new budget, and they were reclassified and put in the class of laborers to keep them in the department.    The answer, which is very vague and evasive, admits that this was done.    Of course, if it had not been done, two more laborers might have been retained.    The relator claims upon these facts that the order of removal denies to him a preference secured by statute to volunteer firemen.

The Appellate Division, adopting the opinion of the Special Term, has held that under section 22 of the Civil Service Law (L. 1909, ch. 15; Cons. Laws, ch. 7), when the number of employees is reduced from considerations of economy, persons not volunteer firemen must be the first to go, and that the firemen must have a preference.    We do not assent to that interpretation of the statute.    It confuses the rights of firemen under section 22 of the act with those of Civil War veterans under section 21.    By section 21, veterans of the Civil War are entitled to be preferred in "appointment and promotion."    The statute formerly said "appointment, employment and promotion," and the present statute has been construed as meaning the same thing.    (*Matter of Stutzbach* v. *Coler*, 62 App. Div. 219, 224; 168 N. Y. 416.)    It is under that section of the statute that such veterans have been held entitled to a

preference when a reduction of positions has become necessary. The determining consideration has been that to make the preference as to appointment effective, it must be held to be a continuing one during the entire term of service. (*Matter of Stutzbach* v. *Coler, supra.*) The rights secured to volunteer firemen under section 22 of the statute are altogether different. By that section Civil War veterans, Spanish War veterans, and volunteer firemen are not to be removed "except for incompetency or misconduct shown after a hearing upon due notice upon stated charges," and if their positions are abolished or become unnecessary, they are not to be discharged from the public service, but are to be transferred to any branch of the service for duty in such positions as they may be fitted to fill. If the relator was removed in the sense of being discharged from a position that was continued, then, since there were no charges against him, he is protected by this section. If, however, he was not removed in that sense, but the position itself was abolished because so many laborers were not required, there has been no infringement of his rights. We find nothing in the statute by which it became the commissioner's duty, in determining what positions he would abolish, to select in the first instance positions occupied by persons other than volunteer firemen. The statute gives to such a fireman a right to be protected against arbitrary removal by requiring notice and a hearing where it is sought to oust him from his position in order to give it to another. But where a reduction of employees becomes necessary, the statute does not require that a fireman's position shall be continued, and that the positions of others not firemen shall be terminated. To make out the right to such a preference, an employee must be able to put his finger upon the precise provision of the statute which secures it to him. This the relator cannot do. We think, in the language of Judge GRAY in *Matter of Breckinridge* (160 N. Y. 103, 108), that we should not impute to the legisla-

ture " the injustice of intending that some faithful and, possibly, more efficient officer, who happens not to be a veteran, must be discharged to make room for the incumbent of the abolished office." (See also: *People ex rel. Chappel* v. *Lindenthal*, 173 N. Y. 524; *People ex rel. Ray* v. *McAneny*, 153 App. Div. 884; 209 N. Y. 533.)

It is not, in our view, an adequate answer to say that the relator was one of a class of laborers, who were engaged in similar work. A laborer holds a position, though he does not hold an office, and it is possible to abolish his position though other laborers are retained. If a hundred laborers are employed, and the budget makes provision for ninety, it is necessary to reduce the positions by ten; and men who are relieved from duty for that reason, owe their suspension to the termination of their positions just as truly as if their functions were extraordinary or unique. The real question is whether the statute imposes a duty on the appointing power to terminate their positions as a last resort, after first sacrificing the positions held by other and less favored classes. We think the duty does not exist.

Unable, though we are, to accept the construction of the statute that found favor in the court below, we have been led by another path to the conclusion that the relator was entitled to reinstatement. We think the record shows that his position has not been abolished, but that it has been maintained and filled by some one else. If the relator was ousted in order to give his place to another, he is not without a remedy. (*People ex rel. Shields* v. *Scannell*, 48 App. Div. 69; *People ex rel. Moloney* v. *Waring*, 7 App. Div. 204; *Matter of Jones* v. *Willcox*, 80 App. Div. 167, 171.) The fact is that simultaneously with the relator's removal, two men were demoted from other positions, and reclassified as laborers in order to keep them in the department. At the same time that the commissioner reduced the positions, he increased them. He had the right to reduce the number of laborers, and in so doing suspend

the relator from duty; but if he increased the number at the same moment that he reduced it, his duty was to transfer the relator to the position thereby created. This right was secured to the relator both by section 22 of the Civil Service Law and by Rule XIX of the municipal civil service commission. Section 22 of the statute says that if the position held by a volunteer fireman shall become unnecessary, or be abolished for reasons of economy, he "shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor," and to emphasize this privilege, the same section adds that "it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective." Rule XIX of the municipal civil service commission provides that when the termination of employment is due to a reduction of force, the person affected, if he has been employed for a longer period than one month, "shall be deemed to be suspended from such employment, and shall be registered upon a preferred list for reinstatement, if his services be again required." We think that if a new position, similar to the relator's, was created at the same time that the relator's was abolished, the commissioner was required in filling the new position to prefer the relator over others. The law will not permit him, for the purpose of ousting the relator and installing some one else, to reduce the positions with one hand and increase them with the other.

We do not overlook the argument that the two men who were added to the list of laborers may be considered as succeeding to the positions of other laborers, not within any preferred class, who were dropped from the roll at the same time as the relator. We think the argument will not hold. The record makes it plain that the demotion of the well drivers, their reclassification as laborers, their addition as laborers to the payroll, and the dropping from the payroll of the relator and others, were all parts

of one transaction.   The commissioner makes no claim that he intended that the new men should succeed to any specific position from among the total number of positions ostensibly abolished.   If it cannot be said with certainty that either of them took the place of the relator, it cannot be said with any greater approach to certainty that they took the place of any one else.   All that we *can* say with certainty is that in the very act of declaring some ten or twelve places unnecessary and abolished, two new places of the same nature were created; and the relator, because of his preferred right to reinstatement, was entitled, in our judgment, to be appointed to one of them.   To deny to him that measure of preference would do violence alike to the spirit and to the letter of the statute.

The order should be affirmed, with costs.

WERNER, HISCOCK, COLLIN, HOGAN and MILLER, JJ., concur; CHASE, J., concurs on last ground stated in opinion.

Order affirmed.