PEOPLE ex rel. FINCH v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department. January 8, 1915.)

MANDAMUS (§ 154*)—PETITION—AMENDMENT—APPOINTMENT OF FIREMEN—
PREFERENCES.

    Where, in mandamus by several volunteer firemen, as relators, to compel their appointment to a position, because entitled to a preference, the records were silent as to the one place to which apparently a volunteer fireman was entitled, the court, on the suggestion of the city, would permit relators to amend their proceedings, so that the Special Term might determine who was entitled to a transfer to the one place, but subject to the right of the appointing power to appoint any other person having better or equal rights.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. § 154.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of John E. Finch, Jr., against William Williams, as Commissioner of the Department of Water Supply, Gas, and Electricity of the City of New York. From an order granting a peremptory writ, defendant appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Terence Farley, of New York City (Leon N. Futter, of New York City, on the brief), for appellant.

James F. Lynch, of New York City (James A. Blanchfield, of New York City, on the brief), for respondent.

PER CURIAM. This is one of five cases before this court. So far as the contention common to this relator and to the other relators in said cases, that they are entitled to preferences in retention as volunteer firemen, is concerned, these orders must be reversed, upon the authority of People ex rel. Davison v. Williams, 213 N. Y. 130, 107 N. E. 49. In that case the order was affirmed, but only upon the ground that it appeared that there were two vacancies which were not filled by the retention of veteran volunteer firemen, but by the demotion of two foremen. The judgment restored Davison to one of those places; but, as appears from the record in that case, there is one place vacant. A volunteer fireman would be entitled to transfer to that place as against one not of that or of a higher status.

Although this and the other records are silent as to the two places, or the one place, to which apparently a volunteer fireman is entitled, the corporation counsel commendably states that the city does not assume a position which, while justified by this record and the other records, is not as matter of fact true, and suggests that the fairest way out of the present difficulty is a reversal of all of the orders, with permission to the relators to amend their proceedings, so that the Special Term may determine who is entitled to transfer to this one place. We have decided to adopt the suggestion, without, however, precluding the appointive power from transferring or appointing to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that position any other person who may have better or equal rights than those of any of these relators.

The order is reversed, but without costs, in accord with the terms of this opinion.

---

## PEOPLE ex rel. NASH v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department. January 8. 1915.)

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Charles M. Nash, against William Williams, as Commissioner of the Department of Water Supply, Gas, and Electricity of the City of New York. From an order granting a peremptory writ, defendant appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

PER CURIAM. Order reversed, without costs. See People ex rel. Finch v. Williams, 151 N. Y. Supp. 271, decided herewith. Settle order before the Presiding Justice.

JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ., concur.