(91 Misc. Rep. 95)

### PEOPLE ex rel. OSTERHOUT v. WILLIAMS.

(Supreme Court, Special Term, Kings County. June 24, 1915.)

MUNICIPAL CORPORATIONS ☞218—OFFICERS—SUSPENSION OR DISMISSAL—PREFERENCE.

The commissioner of the department of water supply, gas, and electricity had a right, without charges or hearing, to suspend or dismiss a veteran fireman, entitled under Civil Service Law (Consol. Laws, c. 7) § 22, to preference in appointment, but not entitled, upon a reduction of the force, to be retained in the department until all nonveterans holding similar positions had been dismissed, on the ground of lack of work and appropriation, as neither the transfer of the relator's duties to another officer in the department, nor the continuation of an officer in another borough to do similar work at a reduced salary, was a denial of the relator's right to be preferred in appointment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ☞218.]

Mandamus by the People of the State of New York, on the relation of William B. Osterhout, against William Williams, as Commissioner of the Department of Water Supply, Gas, and Electricity of the City of New York. Motion denied.

---

Elkus, Gleason & Proskauer, of New York City (Burgess Osterhout, of New York City, of counsel), for relator.

Frank L. Polk, Corp. Counsel, and Elliot S. Benedict, Asst. Corp. Counsel, both of New York City, for respondent.

BENEDICT, J. The relator seeks reinstatement to the position of assistant engineer in the department of water supply, gas, and electricity. He is a veteran volunteer fireman. He was dismissed or suspended on December 31, 1914, without charges or a hearing on the ostensible ground of "lack of work and lack of appropriation." He is one of a number of assistant engineers removed from this department at the same time, in the attempt to reduce the expenses of the city government. Various allegations of the petition are denied in the opposing affidavits, and it is sought to have an alternative writ of mandamus issued.

I think that the relator is not entitled to such relief. The petition fails, in my opinion, to make out a case for reinstatement. The Court of Appeals has recently decided that a veteran volunteer fireman, whose rights are prescribed by section 22 of the Civil Service Law, is not entitled, upon a reduction of the force, to be retained in the department until all nonveterans holding positions similar to his have been dismissed. People ex rel. Davison v. Williams, 213 N. Y. 130, 107 N. E. 49. The rule with respect to Civil War veterans, who come under the protection of section 21 of the Civil Service Law, seems to be otherwise. Matter of Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697. The transfer of relator's duties to another assistant engineer already in the department was not the appointment of any one to take his place, nor was the continuation of an engineer in another borough to do similar work at a reduced salary a denial of relator's right to be preferred in appointment. To hold otherwise would involve assenting to the proposition that a mere reduction of salary constitutes a removal and an appointment, which would be obviously incorrect. This other engineer was not removed from one position and put in another, but his salary was merely reduced.

It is alleged in the petition that there was no lack of appropriation to pay relator's salary. It appears from the opposing papers that the appropriation for the payment of assistant engineers was largely reduced, and that therefore the number of employés in this class was reduced. There is no allegation that any one was appointed to take relator's place, or that any of his duties were transferred to any person in the noncompetitive class, or the exempt class, or to any person to whose position or title they were inappropriate, or to any person not in the department and performing similar duties at the time of relator's dismissal. This case cannot be distinguished from Matter of Griffin v. Williams (Sup.) 153 N. Y. Supp. 926, which is more fully considered in Matter of Colligan v. Williams, 154 N. Y. Supp. 329, decided herewith. The only circumstance of difference is the fact that in this case relator is a veteran fireman. But that, under the decision of the Court of Appeals above referred to, is not a ground for distinction. The commissioner seems to have acted in pursuance of

his undoubted right to reduce the number of employés in his department in the interest of economy, and the court is not called upon to interfere with his action.

Motion denied, without costs. Settle order on notice.