(91 Misc. Rep. 135)

## PEOPLE ex rel. WAGNER v. WILLIAMS.

(Supreme Court, Special Term, Kings County. June 24, 1915.)

1. MUNICIPAL CORPORATIONS ⬤➔218—OFFICERS—SUSPENSION OR DISMISSAL—CIVIL SERVICE LAW—PREFERENCE.

The commissioner of a city department had the right to dismiss an assistant engineer in the department, on the ground of a reduction of employés and the consequent abolition of his office, as the engineer, as a veteran of the Spanish War, was not entitled upon a reduction of the force, to be retained in the department in preference to other persons, already employed, who were not veterans.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ⬤➔218.]

2. MANDAMUS ⬤➔154—OFFICERS—DISMISSAL—PREFERENCE.

On mandamus to compel commissioner of city department to reinstate relator in position in the department, not asking for transfer to position left vacant by a retirement in preference to another incumbent not a party to the proceeding, nor alleging that such incumbent was not a veteran, such transfer could not be ordered.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. ⬤➔154.]

Mandamus by the People of the State of New York, on the relation of Bernard M. Wagner, against William Williams, as Commissioner of the Department of Water Supply, Gas, and Electricity of the City of New York. Motion denied.

Thomas J. Sefton, for relator.

Frank L. Polk, Corp. Counsel, and Elliot S. Benedict, Asst. Corp. Counsel, both of New York City, for respondent.

BENEDICT, J. [1] The relator, a veteran of the Spanish War, seeks reinstatement in the position of assistant engineer in the department of water supply, gas, and electricity. He, with others, was dismissed or suspended from service on December 31, 1914, in consequence of a reduction of the number of employés in the department, and because his position had for that reason been abolished. No facts are alleged which show that the commissioner did not act in good faith in abolishing such position. As a veteran of the Spanish War, relator was not, upon a reduction of the force, entitled to be retained in the department in preference to other persons already employed who were not veterans. People ex rel. Davison v. Williams, 213 N. Y. 130, 107 N. E. 49; Petty v. Kracke, 154 N. Y. Supp. 294. The principle of the case first cited applies to a veteran of the Spanish War, as well as to a veteran volunteer fireman.

⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

[2] On the uncontroverted facts, disclosed by the petition and opposing affidavits, relator may have been entitled to be transferred to the position left vacant by the retirement of Mr. Van Buren on or about October 1, 1914, in preference to Mr. Lobo, assuming that Mr. Lobo is not a veteran. See Matter of Hay, 72 Misc. Rep. 434, 130 N. Y. Supp. 337. Relator had prior to that date been advised of his probable dismissal at the end of the year, and had applied to be transferred to Mr. Van Buren's position. Such relief cannot, however, be granted in this proceeding in its present form for several reasons, as follows: (1) The relator does not ask for such relief, but merely for reinstatement; (2) Mr. Lobo is not a party to the proceeding (see Matter of Jones v. Willcox, 80 App. Div. 167, 80 N. Y. Supp. 420); (3) there is no allegation that Mr. Lobo is not a veteran.

The application for a peremptory writ of mandamus must therefore be denied, without costs, without prejudice to an application for a writ requiring relator's transfer to the position formerly held by Mr. Van Buren, upon proper papers. Settle order on notice.