(92 Misc. Rep. 309)

REILLY v. SMITH, Commissioner of Docks and Ferries.

(Supreme Court, Special Term, New York County. November, 1915.)

1. MUNICIPAL CORPORATIONS ☞157—CIVIL SERVICE—SPANISH-AMERICAN WAR VETERANS—REMOVAL FOR LACK OF WORK AND APPROPRIATION.

Civil Service Law (Consol. Laws, c. 7) § 22, relating to Spanish-American War veterans, does not give them a preference in "appointment and promotion," which includes a preference "in retention," in city positions, as is given under section 21 to Civil War veterans, but provides only that no veteran of the Spanish-American War who holds a position shall be removed, except for incompetency or misconduct, shown after a hearing on due notice and stated charges, and that, if his position is abolished or becomes unnecessary for reasons of economy or otherwise, he shall be transferred to any branch of the service in such position as he may be fitted to fill, meaning in case a vacancy exists, otherwise his name shall be placed on a special list, and hence does not prevent a Spanish-American War veteran from being laid off without a hearing, for lack of work and appropriation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 300, 347; Dec. Dig. ☞157.]

2. MUNICIPAL CORPORATIONS ☞157—SPANISH-AMERICAN WAR VETERANS—CIVIL SERVICE LAW—"REMOVAL"—"ABOLISHING" OF POSITION.

The laying off or suspension of a city employé for lack of work or lack of appropriation, no one else being appointed to fill the position, is in effect "abolishing" the position, and not a "removal," within the meaning of Civil Service Law, § 22.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 300, 347; Dec. Dig. ☞157.

For other definitions, see Words and Phrases, First and Second Series, Removal.]

3. MUNICIPAL CORPORATIONS ☞159—SPANISH-AMERICAN WAR VETERANS—REMOVAL FROM POSITION—MANDAMUS TO COMPEL REINSTATEMENT.

Where a Spanish-American War veteran, applying for a writ of mandamus to compel his reinstatement in the service of a city, though complaining that he has been removed without a hearing, concedes that he has received a letter laying him off on the ground of lack of work and appropriation and to reduce the force, and does not deny in his petition that there is lack of appropriation, or that his services are not dis-

pensed with on that account and to reduce the force, or that the proceedings are in bad faith or to remove him without a hearing, the application will be denied, though the petition alleges that the position did not become unnecessary, and states the conclusion that it was not abolished for reasons of economy or otherwise, but is existing and the duties being performed by employés of a different class.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 350–356; Dec. Dig. ⬥⬥159.]

Application for writ of mandamus by John Edward Reilly against R. A. C. Smith, individually, etc., and as Commissioner of the Department of Docks and Ferries of the City of New York. Denied.

L. T. Fetzer, of New York City, for relator.

Frank L. Polk, of New York City (Elliot S. Benedict, of New York City, of counsel), for defendant.

PENDLETON, J. [1-3] Application by a veteran of the Spanish-American War for a writ of mandamus to compel his reinstatement in the service of the city. Section 22 of the Civil Service Law, relating to veterans of the Spanish-American War, does not give them a preference "in appointment and promotion," which includes a preference "in retention" (Matter of Stutzbach, 62 App. Div. 219, 70 N. Y. Supp. 901, affirmed 168 N. Y. 416, 61 N. E. 697), as is given under section 21 to veterans of the Civil War, but provides only that no veteran of the Spanish-American War who holds a position, etc., shall be removed except for incompetency or misconduct shown after a hearing upon due notice and stated charges, and that if his position is abolished, or becomes unnecessary for reasons of economy or otherwise, he shall be transferred to any branch of the service in such position as he may be fitted to fill, meaning in case a vacancy exists (Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670); otherwise his name shall be put upon a special list, etc. Laying off or suspension for lack of work or lack of appropriation, no one else being appointed to fill the position, is in effect abolishing the position, and not a removal. People ex rel. Davison v. Williams, 213 N. Y. 130, 107 N. E. 49; Randolph v. Smith, 155 N. Y. Supp. 991, Lehman, J.; Hurlburt v. Cromwell, N. Y. L. J., Oct. 14, 1912, Greenbaum, J.; Petty v. Kracke, 154 N. Y. Supp. 294, Manning, J.

Relator concedes he is not entitled to a peremptory writ, but claims that there is a disputed material fact, and an alternative writ should be granted. The petitioner claims to have been removed without a hearing; he concedes, and alleges, that he received a letter "laying him off" on the ground of lack of work and lack of appropriation and for the purpose of reducing the force. There is no denial in the petition that there was a lack of appropriation, or that relator's services were dispensed with on that account and to reduce the force, nor is it alleged that the proceedings were in bad faith, or for the purpose of removing him without a hearing. It is true the petition alleges that relator's position did not become unnecessary and was not abolished for reasons of economy or otherwise, but is existing and the duties are performed by existing employés of a different class; but the facts not being denied, the allegation that the position was not abolished is, at

most, a denial of a legal conclusion only, and does not entitle relator to a writ. People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; Knapp v. City of Brooklyn, 97 N. Y. 520; People ex rel. Griffin v. Williams, 168 App. Div. 63, 153 N. Y. Supp. 926; Randolph v. Smith, supra. The fact, even if true, that the work is done by employés of another class, does not show, or tend to show, that relator's position continued in the absence of an allegation that another was appointed to the position. That head of a department has the right, and it is his duty, to prescribe the duties of the various employés (section 1543 of the charter), and he may distribute the work as he sees fit. The fact that duties theretofore done by an employé laid off for lack of funds are assigned to other persons already in the service does not continue his position. It is a redistribution of work, not the filling of the position, and the proceeding is none the less an abolishment of the position, and not a removal. The difference between distributing the duties among existing employés and appointing a new man to the position is apparent. People ex rel. Traphagen v. King, 13 App. Div. 400, 42 N. Y. Supp. 961; People ex rel. Vineing v. Hayes, 135 App. Div. 19, 119 N. Y. Supp. 808; People ex rel. Corrigan v. Mayor, etc., supra; People ex rel. Davison v. Williams, supra; Randolph v. Smith, supra.

On the papers no material issue of fact is presented. If the petitioner had specifically denied that relator's services were dispensed with for lack of appropriation or work, or that the proceeding was in bad faith for the purpose of removing him without a hearing (People ex rel. Vineing v. Hayes, supra), a very different question would have been presented.

Motion denied, with $10 costs.