PEOPLE ex rel. WAGNER v. WILLIAMS, Commissioner of Water Supply, etc., et al.

(Supreme Court, Special Term, Kings County. January, 1916.)

1. MUNICIPAL CORPORATIONS ☞218—EMPLOYÉS—VETERANS.

A Spanish War veteran, dismissed upon reduction of the number of employés in his class, is entitled to no preference in retention over non-veterans.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ☞218.]

2. MUNICIPAL CORPORATIONS ☞218—EMPLOYÉS—CIVIL SERVICE RULES.

Greater New York Charter (Laws 1901, c. 466) § 453, as amended by Laws 1908, c. 83, provides that the head of the department of water supply, gas, and electricity may appoint and remove a chief engineer of his department, with power to appoint and remove assistant engineers, and that an assistant engineer who has been appointed a deputy com-

missioner may be designated as engineer for the borough in which he acts as deputy. The municipal civil service commission classified various positions for civil engineers, but there was no recognition by the charter or civil service classification of the position of borough engineer. An engineer in the department, known as borough engineer, resigned, and relator, a Spanish War veteran, having been notified that the work upon which he was engaged would shortly be discontinued, demanded to be transferred to that position. *Held*, that the engineer who resigned was a mere assistant engineer, and did not hold a distinct position; consequently relator could not complain that another assistant of the same grade was transferred to that service.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ☜218.]

Application by the People, on the relation of Bernard M. Wagner, for a writ of mandamus against William Williams, as Commissioner of Water Supply, etc., and others. Writ refused.

See, also, 91 Misc. Rep. 135, 154 N. Y. Supp. 295.

Henry F. Cochrane, of Brooklyn, for relator.

Lamar Hardy, Corp. Counsel, and Elliot S. Benedict, Asst. Corp. Counsel, both of New York City, for respondents.

BENEDICT, J. This is an application to require the defendant Williams to reinstate relator, who was removed about January 1, 1915, from the position of assistant engineer in the department of water supply, gas, and electricity, and to transfer him to the position formerly occupied by one Van Buren, who was retired about October 6, 1914. Upon a previous application by relator for reinstatement merely, it was made to appear that said Van Buren was known as borough engineer for the borough of Brooklyn, and that relator, who is a veteran of the Spanish War, had sought to be transferred to that position upon Van Buren's retirement; notice having theretofore been given to relator that the work upon which he was then engaged would be discontinued after January 1, 1915. It also appeared that one Carlos Lobo, previously an assistant engineer in the department, had been made borough engineer in Van Buren's place. I decided in that proceeding that relator was not entitled to reinstatement, because his position had been abolished in good faith, for reasons of economy (People ex rel. Wagner v. Williams, 91 Misc. Rep. 135, 154 N. Y. Supp. 295); but I thought that perhaps he might be entitled to be transferred to the position held by Van Buren, and so I denied the application for a writ of mandamus without prejudice to such an application as is now before me.

[1] Relator's right to relief in this proceeding depends upon whether there was in the department of water supply, gas, and electricity a distinct position known as borough engineer, or whether that title was merely a designation of convenience applied to one occupying the position of assistant engineer. If there was such a distinct position, relator is entitled to his writ. If not, then he is not entitled thereto; for, as pointed out upon his previous application, the fact that he was a veteran of the Spanish War gave him no right to preference in retention

over nonveterans upon a reduction of the number of employés in his class.

[2] Upon the previous application, it did not clearly appear what the nature of Mr. Van Buren's position was; that is, whether he occupied the position of borough engineer as a distinct position, or whether he was merely one of a number of assistant engineers in the department, to whom the designation of borough engineer had been applied. I think the papers upon the present application clearly show that the latter was the case. Even in the petition Van Buren is described as an assistant engineer, and not as borough engineer. The charter section relating to engineers in the department of water supply, gas, and electricity, the department of street cleaning, and the department of bridges, so far as material, provides as follows:

"The commissioner at the head of each of said departments, excepting the department of street cleaning, may appoint and at pleasure remove a chief engineer of his department, with power to appoint, remove and detail a staff of assistant engineers. * * * An engineer located at a branch office of his department in any borough may be appointed a deputy commissioner for the borough or boroughs to which he is assigned. An assistant engineer who has been appointed a deputy commissioner may be designated as the engineer for the borough in which he acts as deputy. Any engineer may be designated by such title as shall properly describe his principal duties in the judgment of the head of his department." Greater N. Y. Charter, § 453, as amended by Laws 1908, c. 83.

The municipal civil service commission has classified the various positions for civil engineers in the city service, so far as material to this application, as follows: Chief engineer, deputy chief engineer, engineer, and assistant engineer. Positions in the engineering service are also graded according to the amount of compensation received. There is no recognition, either by the charter or the civil service classification, of the position of borough engineer. I accordingly conclude that there was no such position, and that Mr. Van Buren was merely an assistant engineer, who received the "office title" or designation of borough engineer.

Mr. Lobo, who was designated as borough engineer upon Mr. Van Buren's retirement, was, as before stated, already in the department as an assistant engineer, and he belonged to the same grade as Mr. Van Buren. No one from outside the department was appointed either in Van Buren's place or Lobo's place. The retirement of Van Buren worked a reduction of the number of assistant engineers employed. I am therefore of opinion that relator is not entitled to the relief asked for.

There is another serious ground of objection to granting such relief; that is, the delay of relator in instituting this proceeding. But it is not necessary to pass upon that question.

Application for peremptory writ of mandamus denied, without costs.