THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN M. CAHILL, Relator, *v.* GEORGE E. GREEN, as Commissioner of Excise of the State of New York, Defendant.[*]

(Supreme Court, Albany Special Term, December, 1916.)

*Mandamus — cause for removal of special agent in excise department in doubt — alternative writ granted.*

APPLICATION for an alternative writ of mandamus.

Hinman, Howard & Kattell, for relator.

J. S. Frost, for defendant.

CHESTER, J. The relator seeks by this proceeding to be reinstated as a special agent in the state department of excise. He was appointed a special agent in the department in May, 1915. On the 1st of July, 1916, he was notified by the commissioner of excise in writing that because of insufficient appropriation he was granted an indefinite leave of absence without pay. The relator was an exempt fireman and because of that fact insists that he was improperly removed. He alleges in his petition that after receiving the written notification of his removal he met the defendant and

---

[*] Affirmed by the Appellate Division, Third Department, January 18, 1918.—[REPR.

had a conversation with him and asserts that in that conversation the defendant told him that he had not been laid off on account of lack of appropriation but solely on account of stories that defendant claimed had been told to him concerning the petitioner. These stories related to alleged improper conduct of the petitioner while attending a term of court in the service of the department. The relator seeks only an alternative writ, and therefore the defendant has not yet been called upon to deny or admit the matters alleged in the petition. If the relator was in good faith removed by the defendant because of the necessity of reducing the force of special deputies arising from the lack of a sufficient appropriation for their compensation then as a veteran fireman he is not entitled to preference in the retention of his position over others holding similar positions. *People ex rel. Davison* v. *Williams,* 213 N. Y. 130. If, however, he was removed because of improper conduct while in the service of the department he would be entitled under the Civil Service Law to have stated charges presented against him and an opportunity to be heard thereon before he could be properly removed.

Because of the doubt thrown upon the *cause* of removal by reason of the alleged oral statement claimed to have been made to the petitioner by the defendant it seems to me that a proper case is presented for an alternative writ, in order that the real facts may be ascertained, before the court is called upon to apply any measure of relief.

An alternative writ should, therefore, be allowed.

Application granted.