In the Matter of the Application of EDWARD C. FRANKLIN, Petitioner, for an Order of Mandamus against WILLIAM A. RATHMANN, Commissioner of Public Works, etc., and Others, Respondents.

In the Matter of the Application of JAMES J. Fox, Petitioner, for an Order of Mandamus against WILLIAM A. RATHMANN, Commissioner of Public Works, etc., and Others, Respondents.

Supreme Court, Erie County, May 16, 1932.

*Ward, Flynn, Spring & Tillou,* for the petitioners.

*Charles L. Feldman, Corporation Counsel* [*John E. Livermore* of counsel], for the respondents.

HINKLEY, J.   This is an application by each of the above-named petitioners for a peremptory order of mandamus reinstating him in his position as engineer and bridge operator in the service of the city of Buffalo.   Upon the argument of the motions it was conceded that there was no dispute of any material allegation in either of the petitions calling for alternative orders of mandamus.   The sole issue of these motions is a question of law identical in each case.

The undisputed facts are as follows: Petitioner James J. Fox is an honorably-discharged soldier and veteran, having served in the navy of the United States during the World War.   The petitioner Edward C. Franklin is an honorably-discharged soldier and veteran, having served in the army of the United States during the war with Spain.   Petitioner Fox was appointed to his position September 1, 1925, and has held the same ever since and until March 16,

1932. Petitioner Franklin was appointed to his position on September 5, 1918, and has held the same ever since and until March 16, 1932.

The city of Buffalo contracted to demolish the old Michigan avenue jackknife bridge and erect a new one in its place. It was expected that the new bridge would not be completed for a year. There were eighteen bridge operators of equal grade on the various bridges in the city of Buffalo and seven of these were no longer needed when the Michigan avenue bridge was demolished. Seven of the positions of bridge tender were, therefore, abolished. The youngest seven bridge tenders in point of service, of which group each petitioner formed a part, were relieved of their positions. The petitioners do not charge that they were discriminated against, but claim that the city of Buffalo was required by law to discriminate in their favor due to their war service.

The city, by its civil service commission, offered to petitioners Fox and Franklin positions in the janitor engineer service in the board of education. These were the only positions available similar to that of bridge operator. Petitioner Fox accepted one position and is still so occupying the same but petitioner Franklin refused to accept the position offered to him. Petitioners' names have been entered upon a preferred civil service list eligible for appointment in accordance with the provisions of section 31 of the Civil Service Law (as amd. by Laws of 1929, chap. 512).

That the petitions herein for orders of mandamus must be denied is no longer in doubt in view of the decision in the case of *Matter of Devins* v. *Sayer* (233 N. Y. 690). The following were the facts in that case: On June 15, 1921, petitioner received notice from the Industrial Commissioner that, by reason of the curtailment in the appropriations in the Department of Labor, a reduction in the number of employees in the department was necessary, and that the position occupied by him was abolished, effective June 30, 1921. The petitioner assigned as a reason why he should have been retained in said position that he was an honorably-discharged soldier; that under section 22 of the Civil Service Law, which provides that an honorably-discharged soldier shall not be removed from his position in the civil service except for incompetency or misconduct shown after a hearing, after due notice on stated charges, he should have been retained in his position, no charges having been preferred against him; that a number of factory inspectors were retained in service whose appointments were made subsequent to his, and that under section 22-a of the Civil Service Law the services of said persons should have been dispensed with prior to dispensing with his services.

" Order of Appellate Division reversed and that of Special Term [which denied a motion for a peremptory writ of mandamus to compel the reinstatement of the petitioner in the position of factory inspector] affirmed   *   *   *   on authority of *People ex rel. Davison* v. *Williams* (213 N. Y. 130); *People ex rel. De Vito* v. *Sayer* (233 N. Y. 615)."

In the case at bar the city of Buffalo did not discriminate in favor of others appointed subsequently to petitioners but selected the youngest seven in time of service and relieved them of their abolished positions.

Each motion denied, with ten dollars costs.