In the Matter of the Petition of FRED W. GIESEKING, Appellant, for an Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Order denying motion for a mandamus order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

In the Matter of the Application of JAMES J. KEARNS, Respondent, v. EDWARD J. MURRAY, Commissioner of Public Works of the City of Yonkers, New York, and JAMES J. CORBALIS, Foreman Bureau of Sewers, Department of Public Works of the City of Yonkers, New York, Appellants.— Order modified by striking out the first and last ordering paragraphs, and as so modified unanimously affirmed, with fifty dollars costs and disbursements against the appellant Murray, as commissioner. The appeal in so far as taken by the defendant Corbalis is dismissed, without costs, on the ground that said appellant is in default and said default has not been opened. There was default on the part of Corbalis, but there is no present right to relief as against him. In the main the same legal principles govern this case as are involved in *Matter of Coyne* v. *Murray* (*ante*, p. 728), decided herewith. The question to be determined on the hearing on the alternative order is whether the office which petitioner held was in fact and in good faith abolished in the interest of economy and the duties were charged on another or others in addition to those already being performed; or whether the office was abolished as a mere pretext to oust the petitioner and give the appointment to another. (See *People ex rel. Davison* v. *Williams*, 213 N. Y. 130.) In addition it must be determined whether petitioner was in the exempt class and entitled to hold the position or be transferred to any branch of the service for duty in such position as he may be fitted to fill, under the provisions of section 22 of the Civil Service Law. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

In the Matter of the Petition of ROSE L. SCHWOBEL, as Administratrix of JANE ROSENBERG, Also Known as JENNIE ROSENBERG LANGER, JEAN BERGH and JEAN or J. HIGNELL, Deceased, for an Order Directing STANLEY S. GROGGINS, Esq., to Return to the Estate the Sum of $7,250 Paid to Him for Counsel Fees and Disbursements, and Fixing His Fee Pursuant to Section 231-a of the Surrogate's Court Act. STANLEY S. GROGGINS, Appellant; ROSE L. SCHWOBEL, Individually and as Administratrix, etc., and PAUL G. GRAVENHORST, Esq., as Special Guardian of KATE LANG, an Incompetent Person, Respondents.*— Decree of the Kings County Surrogate's Court affirmed, with one bill of costs against appellant. No opinion. Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., dissents, being of opinion that the remedy of the administratrix was by action.