In the Matter of the Application of Louis H. NEUBECK, Petitioner, for an Order against FRANK COON, as Commissioner of Parks of the City of Buffalo, New York, and DANIEL NAPLES, Respondents.

Supreme Court, Erie County, November 19, 1937.

*Manly Fleischmann,* for the petitioner.

*Gregory U. Harmon, Corporation Counsel [Andrew P. Ronan, Assistant Corporation Counsel,* of counsel], for the respondents.

HARRIS, J.   This is an application for an order for which prayer is made pursuant to the provisions of article 78 of the Civil Practice Act (added by Laws of 1937, chap. 526).

In the year 1937, by ordinance adopted by the action of the city council of the city of Buffalo, there was established the positions of district superintendents of parks in the parks department of the city.   Provision was made in the budget for the salaries of such positions, and one of such positions is at present vacant.   Such position being in the classified civil service, there was an examination held to create a list of eligibles for such vacancies.   By reason of his being a disabled veteran, the name of the petitioner herein appeared and now appears as No. 1 on the eligible list certified to by the municipal civil service commission.   The respondent Frank Coon is the commissioner of parks of the city of Buffalo and is the head of the department authorized to make the appointment as district superintendent of parks if such appointment is to be made.

Preliminary to the adoption of the ordinance to which reference is made above, and as a prerequisite necessary to the adoption of such ordinance, the said Frank Coon certified to the city council that it was necessary that such positions of district superintendents be established to the number of positions provided for in the ordinance. Prior to the holding of the civil service examination and the creation of the list, the said commissioner of parks named the respondent Daniel Naples as a temporary appointee in and to the position represented by such vacancy, and the said respondent Naples was continued in such position and performed the duties of such position and received the salary thereof until some time after the creation of the civil service eligible list, which was headed by the name of the petitioner herein

After the eligible list had been presented and in accordance with his statutory duties, the municipal civil service commission directed the respondent Frank Coon to cease the employment of the respondent Daniel Naples. Following such direction and on or about the 31st day of August, 1937, the said commissioner of parks terminated the services of the respondent Naples. The petitioner herein has demanded of the said respondent commissioner of parks that he, the petitioner, be appointed by the said commissioner to the position of district parks superintendent in place of the respondent Daniel Naples, but the respondent commissioner has failed and refused to make such appointment. As a basis and reason of his failure and refusal to make such appointment the respondent commissioner of parks states that it is not necessary for an appointment to be made to the position of district parks superintendent because in his, the said respondent's, judgment the department of parks may be and can be more economically operated without the filling of said position. The said respondent further says that due to the position of the petitioner on the eligible list the said petitioner is entitled to the position if an appointment must be made. The petitioner challenges the good faith of the respondent commissioner of parks in giving the reasons for failing to make the appointment of the petitioner to the position. In such challenge the petitioner alleges that the respondent commissioner of parks has stated both by certification to the council and at other recent times that it is necessary for the conduct of the parks that the vacancy in question be filled and that he has refused to appoint the petitioner to the position represented by that vacancy because the petitioner is not personally agreeable to him for political reasons. In his opposition to the granting of the prayer of the petitioner the said respondent commissioner of parks claims that the courts have no authority to compel him to fill a position which he says it is not necessary to fill.

The question raised by the allegations of the petition and by those in the answer of the respondent is not, so far as this court can ascertain, one that has been before the courts of this State. If this were a proceeding brought by the petitioner to compel the respondent to restore him to a position from which he claimed he was removed for reasons not given in good faith, the petitioner would be entitled to a trial of the issue of good faith. (*People ex rel. Shields* v. *Scannell*, 48 App. Div. 69; *Matter of Jones* v. *Willcox*, 80 id. 167; *Matter of Delahunt*, 96 Misc. 548; *People ex rel. Davison* v. *Williams*, 213 N. Y. 130.)

At first blush it would appear that the contention of the respondent that he cannot be compelled to fill the position is a tenable one because it leads to the conclusion that he is endeavoring to save moneys for his employer, the taxpayers, and a court might well hesitate before compelling a municipal officer to fill a position at the expense of the taxpayers and which position is not necessary for the performance of service on the part of the department involved. However, within recent months the respondent has certified to the necessity of establishing the position; he, at least temporarily, filled the same by the appointment of the respondent Naples. The said respondent commissioner has no right to abolish the position and at best he could only recommend to the council of the city that the position be abolished. This recommendation he has not made and, therefore, the position still exists and from the proceedings of the council based on the certificate of the respondent commissioner, it is fair to assume that the position is still as necessary for the conduct of the department of parks as it was at the time of the establishment thereof. The facts herein set up a challenge to the good faith of the respondent commissioner in refusing to appoint the petitioner to the position which he seeks. This court can see no reason to distinguish between those cases above cited which lay down the rule that if the removal is in bad faith the employee must be returned to his employment, and the case at bar.

In view of this, the petitioner is granted an alternative order to have the issue of fact as to the good faith of the respondent commissioner tried as a question of fact. Both parties have said to the court that if there is to be a trial they do not desire a trial by jury and accordingly this court designates the Hon. Harry L. Taylor, official referee, to hear, try and determine the issues raised as above indicated by the petition and the answer herein.

In connection with the discussion above, the court draws attention to the case of *Savage* v. *City of Detroit* (190 Mich. 144; 155 N. W. 1031).