PEOPLE ex rel. TRAPHAGEN v. KING et al.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

MUNICIPAL CORPORATIONS—ABOLITION OF OFFICE—PROTECTION OF VETERANS.

The right of municipal authorities to abolish an office, in good faith and for reasons of economy, is not affected by Laws 1892, c. 577, providing that veteran soldiers or sailors or volunteer firemen, holding positions by appointment and receiving a salary from any city or county, shall not be removed therefrom except for cause.

Certiorari, on relation of Peter D. Traphagen, to review the action of David H. King, Jr., and others, constituting the board of the department of parks of the city of New York, in discharging the relator from the position of foreman of carpenters in such department. Proceeding dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles Blandy, for relator.

Terence Farley, for respondents.

INGRAHAM, J. The point is taken by the counsel for the corporation that this proceeding is barred by the statute of limitations, under section 2125 of the Code; the determination of the respondents having become final and binding on the 30th day of April, 1895, and this writ of certiorari not having been allowed until the 3d day of September, 1895. This provision would seem to be a complete bar to the right of the relator to maintain this proceeding. See People v. Hildreth, 126 N. Y. 362, 27 N. E. 558.

But, assuming that the writ had been issued in time, we think it clear that the action of the respondents was valid, and that the writ should be dismissed. The relator was employed by the department of public parks as foreman of carpenters, receiving a salary of $120 per month. On the 29th day of April, 1895, the superintendent of parks made a report to the president, in which he said that, "owing to the reduction of the mechanical force, I desire to recommend the abolition of the following offices, and the discharge of those persons now holding the same." By the return it appears that, when this communication was received by the president, he consulted with the respondents, and had an executive meeting of the board, at which all the respondents were present, as to the advisability and expediency of adopting the recommendation of the superintendent, and full power was conferred upon the president by the board to act in the premises. Acting upon this authority, the president approved the recommendation of the superintendent, abolished the offices, and discharged the persons holding the same, and, as the result of such official action, the superintendent of parks notified the relator that he was discharged. The relator claims that this discharge was invalid because he was a member of the volunteer fire department of the city of New York, and was such at the disbandment of such department, and that in consequence thereof, and under the provisions of chapter 577 of the

Laws of 1892, he could not be removed from such position except for cause shown after a hearing had.

Here both the return and the supplemental return allege that, the office filled by the relator having become unnecessary, "owing to the reduction of the mechanical force," the office was abolished. This office, as before stated, was that of foreman of carpenters; and it is quite evident that the question as to whether or not this office was necessary depended upon the number of carpenters employed. The return certifies that, owing to the reduction of the mechanical force, and the closing of the repair shops of the department, it would have been unprofitable to the city of New York to retain a foreman in charge of the small number of mechanics left in the carpenters' gang, as their work could readily be directed by the superintendent and senior foreman. The determination of the respondents that the small number of carpenters then employed did not require that a foreman of carpenters should be employed, entirely justified their abolition of the office of foreman of carpenters; and, with the abolition of the office held by the relator, his right to such office ceased, unless there is something in the statute before cited that prevents the park department from dispensing with the services of an officer who has been a veteran or a fireman, no matter how unnecessary the services of such person may become.

It was held by the court of appeals, in the case of People v. City of Brooklyn, 149 N. Y. 225, 43 N. E. 556, that:

"While these statutes are positive in form, it is clearly not their intent to give to occupants of such positions a life tenure where, upon grounds of economy, or for other proper reasons, the office or position is in good faith abolished. In People v. Adams (Sup.) 4 N. Y. Supp. 522, it was held that an honorably discharged veteran of the Union army might be removed for the reason that the position he ·occupied was abolished on economical grounds, and its duties might be attached to an existing office which was held by a person not a veteran, and that such a removal was not a violation of the statutes relating to veterans of the war of the Rebellion holding positions in the city of Brooklyn."

The relator claims that, while the office was in name abolished, it was in reality continued, and another person appointed to perform the same duties which had been performed by the relator. This position is expressly negatived by the return. It is there expressly alleged that, while some of the duties, namely, those of keeping the time of the men and reporting to the superintendent or general foreman any neglect of their duties by the carpenters employed, were performed ·by one of the regular carpenters selected by the board, who was merely paid the ordinary wages of a carpenter, and who actually worked at his trade, no one was appointed to fill the position held by the relator, or to perform the duties which he had performed. The duties performed by the foreman of carpenters, as stated in the amended return, show that it was an office of importance, requiring a man above the capacity of an ordinary carpenter, having charge of laying out and regulating the work of others, and, to perform that duty, he was exempt from personal labor, and gave his own time and attention to the supervision of the several pieces of work on hand. The return shows that this work was subsequently performed by the

superintendent and the senior foreman, St. John, who were before in the employ of the department; and the return subsequently states that, as matter of fact, no carpenter has been appointed in the department since the discharge of the relator. These facts clearly show that the position of foreman of carpenters was abolished in good faith by the department, and that no one has since been appointed to such a position.

There is some criticism upon the validity of the act of the president as not being the act of the board. This proceeding, however, is brought to review the action of the board in discharging the relator. If the board never acted, there is no proceeding here for us to review; but it is quite clear, from the return, that the board did act, and that the action of the president in abolishing the office was in effect an act of the board, which had, prior to the action, expressly instructed the president to act in the premises, and, subsequently thereto, had, by resolution duly passed, ratified and approved his act.

We think, therefore, assuming that the writ was applied for in time, that the respondents did abolish the office held by the relator for good and sufficient reason, that he was thus legally discharged from such office, and that the action of the respondents should be affirmed, and the proceedings dismissed, with costs. All concur.