(24 Misc. Rep. 434.)

### PORTER v. HOWLAND et al.

(Supreme Court, Special Term, New York County.  August, 1898.)

1. OFFICERS—REMOVAL—CIVIL SERVICE—ABOLISHMENT OF OFFICE.

Petitioner was appointed as a painter at one of the state insane asylums after a civil service examination; being classed in the civil service list, in a class always employed at day wages, and notified on their engagement that they are employed only from day to day.  Estimates for the hospital for a certain month being submitted to the state commission, they disallowed the item for services such as would be rendered by petitioner, for economical reasons.  In consequence, being told the reasons, petitioner was discharged.  He made no objection for more than nine months.  He was neither a veteran nor a volunteer fireman.  *Held*, that the acts of the commission amounted to an abolishment of the office, and hence petitioner was not entitled to a mandamus to compel his reinstatement.

2. SAME—MANDAMUS—STATE HOSPITALS.

A mandamus cannot be granted against a board of managers of the Manhattan State Hospital to compel the reinstatement of a laborer discharged by the superintendent of the hospital, since the latter has the power to appoint and discharge employés, subject to the civil service laws under Laws 1896, c. 545, § 35.

Motion by John S. Porter against Henry E. Howland and others, composing the board of managers of the Manhattan State Hospital, for a peremptory writ of mandamus.  Denied.

Louis J. Grant, for petitioner.

George C. Austin, for respondents.

BOOKSTAVER, J.  From the papers it appears that the petitioner was appointed to the position of painter at the State Insane

Asylum on Ward's Island on the 2d of September, 1896, after having passed the required civil service examination, and was assigned to the work of a painter in the Manhattan State Hospital on the same day. His appointment or assignment was made from the civil service list, which comes within the provisions of class II., group N, subdivision 1, of the state civil service commission. Mechanics and laborers of the class to which the petitioner belonged are always employed at day's wages, and, as appears from the papers, are notified upon their engagement that they are employed from day to day, and that their employment may terminate at any time. It further appears from the papers that in 1897 the estimates for the Manhattan State Hospital for the month of July were submitted to the state commission, and that among other items therein contained was one for the payment of the class of employés to which the petitioner belonged. For economical reasons the state commission disallowed this item in the estimate, and consequently the employés of this class, including the petitioner, had to be discharged. This, in my judgment, was equivalent, in its practical effect, to abolishing the office to which the petitioner was appointed. It also appears from the papers that when the petitioner's services were dispensed with he was told the reason therefor, and that he had no objection thereto, nor did he take any steps thereafter to obtain a reinstatement until February 25, 1898,—nearly nine months afterwards,—when he made a demand upon the president of the board of managers for his reinstatement. The papers do not show that the petitioner is either a veteran, within chapter 312, Laws 1884, or a veteran or volunteer fireman, within chapter 119, Laws 1888, and the acts amendatory thereof. The petitioner being employed from day to day, his services could be dispensed with at any time, in my judgment. The position to which he was appointed was not in any sense a permanent one, but merely temporary in its character, and liable to be terminated at any time for the reasons that were given upon his discharge. Besides, this discretion is expressly conferred upon the superintendent of the hospital by the provisions of subdivision 2, § 35, c. 545, Laws 1896. In Phillips v. Mayor, etc., 88 N. Y. 245, the statute before the court provided that "no clerk shall be removed until he has been allowed an opportunity of making an explanation"; and the court, by Earl, J., said:

"The object of this provision was to prevent removal except for cause, and then only after a hearing * * * was had to enable the clerk or officer proceeded against to satisfy the body or officer having the power of removal that he should be retained. The provision has no application to a case like this. This is not, properly speaking, a case of removal, within the meaning of the statute. Here the office or clerkship was abrogated, and there was no more need of plaintiff's services. He could not claim that the office or clerkship should be retained for his benefit, and the fire commissioners were not obliged to consult him before abrogating it. And, further, the statute does not apply to a case like this, where the officer is removed, not to make way for another, but because his services are no longer needed, or because there are no funds provided for his payment."

In the case under consideration the plaintiff cannot rely upon any provision similar to the statute under consideration in that case, because there is no such provision. In this case no funds were provid-

ed for payment of his services, and consequently his dismissal was the same, in legal effect, as an abrogation of his position.    See, also, People v. King, 13 App. Div. 400, 42 N. Y. Supp. 961; People v. Ennis, 18 App. Div. 412, 46 N. Y. Supp. 444; People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554.

I am therefore of the opinion that the mandamus should be denied on its merits; but, even if I am mistaken in this, the mandamus should not be granted against the present respondents, for the board of managers of the hospital have nothing to do with the employment or discharge of laborers.    The only officials whom it appoints are the superintendent and treasurer of the hospital.    Section 34, c. 545, supra.    The superintendent of the hospital, upon whom is conferred the power to appoint and discharge employés, subject, of course, to the civil service laws, is the person who actually discharged the petitioner, and against whom the mandamus should issue, if any one. Section 35, c. 545, supra.    The mandamus is therefore denied, with $10 costs.

Motion denied, with $10 costs.