JOHN T. McCABE *vs.* JUDGE OF THE DISTRICT COURT OF LOWELL.

Middlesex.   April 9, 1931. — October 2, 1931.

Present: RUGG, C.J., CARROLL, SANDERSON, & FIELD, JJ.

*Certiorari.   District Court*, Review of removal under civil service.   *Civil Service.   Veteran.   Evidence*, Relevancy and materiality.

A judge of a district court, hearing a petition under G. L. c. 31, § 45, as amended by St. 1925, c. 220, § 3, for review of action of the superintendent of the water department of a city who suspended the petitioner from his position as meter reader and water inspector, was required to affirm the decision of the superintendent unless it appeared that it was made without proper cause or in bad faith.

In certiorari proceedings to review action by a district court dismissing such a petition, it appeared that the "reasons" of the superintendent for suspending the petitioner were "specifically given him in writing," that he was "given a public hearing" by the superintendent and thereafter was "notified, in writing . . . of the decision" of that officer, and that the reasons specified were "economy" and "lack of sufficient funds in the appropriation for salaries and wages"; and it was *held*, that

(1) Such reasons were adequate to justify the action of the superintendent;

(2) It appearing that there had been seven meter readers and water inspectors, and that three of them, including the petitioner, were suspended, evidence that, by rearrangement of the work of reading meters and by mailing water bills instead of delivering them, four men could do the work previously done by seven was not inadequate to support the suspension of the petitioner for the reason of economy;

(3) The mere fact that an assistant superintendent and a foreman were appointed in the water department at the time of the petitioner's suspension did not require the conclusion that it was not economical to suspend the petitioner;

(4) It appearing that, if certain liabilities for wages and salaries incurred during the fiscal year [ending with the month in which the suspension occurred] had been paid during that year, the appropriation for wages and salaries, as the superintendent knew when he suspended the petitioner, would have been insufficient unless reductions were made in expenditures, the judge was not required to find that suspension for lack of funds was unwarranted;

(5) There having been before the judge of the District Court no evidence that the mayor directed the superintendent to suspend the petitioner or communicated with him in regard to the petitioner, or that the superintendent, in suspending the petitioner, "had in mind the thought of pleasing the mayor who had appointed him," evidence of a conversation between the petitioner and the mayor, in the absence of the superintendent, in regard to the suspension or removal of the petitioner, and evidence of ill feeling of the mayor toward the petitioner were not material and exclusion thereof by the judge was not erroneous; and a finding that the suspension of the petitioner was in bad faith was not required.

The fact that the petitioner in the proceedings above described was a disabled veteran did not make his suspension illegal, where it appeared that he was appointed in 1920 to the position from which he was suspended, before the enactment of St. 1922, c. 463, and was classified only as a veteran, and that he at no time had presented to the commissioner of civil service the proof required by the statute for his classification as a "disabled veteran" and that his rating had not been changed.

It *was not decided* whether the preference given to disabled veterans by the above statute applies to continuance in a position in the classified civil service as well as to an appointment thereto.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Middlesex on May 22, 1930, and described in the opinion.

The date of the suspension of the petitioner by the superintendent of the water department of Lowell was December 23, 1929.

After return by the respondent, the petition was heard by *Wait*, J., and was dismissed. The petitioner alleged exceptions.

*J. J. Bruin*, for the petitioner.

*H. V. Charbonneau*, for the respondent, submitted a brief.

FIELD, J. The petitioner, after being suspended from

his position as meter reader and water inspector in the water department of the city of Lowell by the superintendent of that department, filed a petition in the District Court under G. L. c. 31, § 45, as amended by St. 1925, c. 220, § 3, for review of the action of the superintendent and, upon affirmance of the decision of that officer, brought in this court a petition for a writ of certiorari to review the action of the District Court. A justice of this court dismissed the petition and the petitioner excepted.

The petition for a writ of certiorari was dismissed rightly, since the record of the proceedings in the District Court discloses no error of law.

The judge of the District Court was required to affirm the decision of the superintendent unless it appeared "that it was made without proper cause or in bad faith." G. L. c. 31, § 45, as amended. *Murray* v. *Justices of the Municipal Court*, 233 Mass. 186, 189. Compare *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477, 482–483. He found that this did not appear, and we cannot say that he was wrong. The "reasons" for suspending the petitioner were "specifically given him in writing," he was "given a public hearing" by the superintendent and thereafter was "notified, in writing . . ., of the decision" of that officer. G. L. c. 31, § 43. The reasons specified — "economy" and "lack of sufficient funds in the appropriation for salaries and wages" — were sufficient and the judge clearly was not required to find that suspension by the superintendent for these reasons was grounded on inadequate evidence. See *Murray* v. *Justices of the Municipal Court*, 233 Mass. 186, 189. There had been seven meter readers and water inspectors, and three of them, including the petitioner, were suspended. Evidence that, by rearrangement of the work of reading meters and by mailing water bills instead of delivering them, four men could do the work previously done by seven was not inadequate to support the suspension of the petitioner for the reason of economy. The fact that an assistant superintendent and a foreman were appointed in the water department at the time of the petitioner's suspension did

not require the conclusion that it was not economical to suspend the petitioner. Furthermore, the judge was not required to find that suspension for lack of funds was unwarranted. Without detailed analysis of the facts shown by the return, it is enough to say that it could have been found that if certain liabilities for wages and salaries incurred during the fiscal year ending December 31, 1929, had been paid during that year the appropriation for wages and salaries, as the superintendent knew when he suspended the petitioner, would have been insufficient unless reductions were made in expenditures.

A finding that the suspension of the petitioner was in bad faith was not required. It does not appear that the reasons specified in the written notice were not the real reasons. The judge found properly that the superintendent was not "actuated by any motive of animosity" toward the petitioner, and it was not shown that the suspension was due to ill feeling of the mayor toward the petitioner. There was no evidence that the mayor directed the superintendent to suspend the petitioner or communicated with him in regard to the petitioner, or that the superintendent, in suspending the petitioner, "had in mind the thought of pleasing the mayor who had appointed him." Hence, evidence of a conversation between the petitioner and the mayor, in the absence of the superintendent, in regard to the suspension or removal of the petitioner, and evidence of ill feeling of the mayor toward the petitioner were not material and exclusion thereof by the judge was not erroneous. As the return does not show that such evidence was offered before the superintendent, no foundation is laid for the petitioner's argument that by reason of its exclusion he did not have the hearing before that officer to which he was entitled under the law.

The petitioner contends that his suspension was illegal because he was entitled to preference as a disabled veteran under G. L. c. 31, § 23, as amended by St. 1922, c. 463, which provides, among other things, that "A disabled veteran shall be appointed and employed in preference to all other persons, including veterans." By express provi-

sion, however, "in order to be entitled to the preference provided for disabled veterans by this section," a veteran is required to present to the commissioner of civil service proof in certain prescribed forms of his disability, its continuing character and other material facts. The petitioner was appointed in 1920, before the enactment of the provision for preference of disabled veterans and, consequently, he could not then have been classified as a "disabled veteran." He was classified merely as a "veteran." At no time has he presented the proof required by the statute for his classification as a "disabled veteran" and his rating has not been changed. Clearly, if the matter of an appointment was in question the petitioner would not be entitled to preference as a disabled veteran. Even if we assume, as we do not decide, that the preference given to disabled veterans applies to continuance in a position in the classified civil service as well as to an appointment thereto, such preference does not extend to a person who, like the petitioner, is not duly classified as a "disabled veteran."

We reach the conclusion that the petition was properly dismissed without the necessity of invoking the well settled principle that the issuance of the writ of certiorari rests in sound judicial discretion. *Whitney* v. *Judge of the District Court*, 271 Mass. 448, 459.

*Exceptions overruled.*