SMITH v. FLINT CITY COMMISSION.

1. Municipal Corporations—Control of City Police Department. Control of city police department is function of local municipal government.

2. Same—Constitutional Law—Veterans' Preference Act. Veterans' preference act (1 Comp. Laws 1929, § 900 et seq., as amended by Acts Nos. 66, 67, Pub. Acts 1931) may not be construed to infringe on constitutional right of local municipal self-government.

3. Same—Mandamus. Court may not, by mandamus, interfere with city's right to discharge World War veteran employed in police department, where it acted in good faith, and, due to economic conditions, sought to reduce budget by reducing police force.

Appeal from Genesee; Black (Edward D.), J. Submitted April 5, 1932. (Calendar No. 36,450.) Decided June 6, 1932.

Mandamus by Willard C. Smith against City Commission of the City of Flint to compel reinstatement of plaintiff as city employee. Writ granted. Defendant appeals. Reversed.

*Vincent D. Ryan, Millard & Roberts,* and *Carton, Gault & Parker,* for plaintiff.

*Wilson & Hoffman,* for defendant.

Potter, J. Plaintiff, a veteran of the World War, was an employee of the police department of the city of Flint. Upon the reorganization of the department and a reduction of the force, he was dropped

from the roll of employees. The chief of police and acting city manager, October 20, 1930, filed charges against him, stating the reasons for plaintiff's discharge. These were that, due to the general economic condition of the city, it was necessary to reduce the police force in order to reduce the budget; to reorganize the police department and combine duties which had been exercised by different individuals so they would be exercised by fewer heads; that the city had consolidated its identification bureau, its record bureau, and its auto squad record bureau, which had been under separate heads, under one head, thereby discontinuing the service of two men, one of whom was plaintiff; plaintiff had no police training, but was a clerical employee and temperamentally unfitted to get along with other officers; was constantly being complained of, and in reducing the police force, curtailing expenditures and balancing the budget, 21 officers of the city police department had been released; plaintiff was incompetent to handle any other position in the police department of defendant for which there was a vacancy.

Plaintiff claims, in answer, he is a World War veteran, qualified physically and otherwise competent, and the charges against him were vague and uncertain.

A hearing was had, November 3, 1920, before the mayor and city commission, testimony taken, and at the conclusion of the testimony a resolution adopted by the city commission sustaining plaintiff's discharge.

Plaintiff brought mandamus proceedings in the circuit court, an order to show cause was issued, an answer filed, the case heard, a peremptory writ of mandamus issued, and defendant appeals, claiming

the circuit court had no right to review the legislative or administrative action of the city commission; in the absence of fraud or caprice the circuit judge has no right to review the weight of the evidence upon which the city commission acted; the veterans' preference act (1 Comp. Laws 1929, § 900 *et seq.*, as amended by Acts Nos. 66 and 67, Pub. Acts 1931) does not prevent the discharge of an ex-soldier employee brought about by budget curtailment, due to the lack of tax collections or abolition of the position formerly held by him, and does not prevent the abolition of the position held by plaintiff by a consolidation of departments to reduce expenses.

It is plain from a cursory examination of the Constitution and the debates of the convention which framed it, that it was the intention of that instrument that local municipal government should be administered by and through local municipal corporations. *People, ex rel. Le Roy,* v. *Hurlbut,* 24 Mich. 44 (9 Am. Rep. 103). As said by COOLEY, J., in *Attorney General* v. *Common Council of Detroit,* 29 Mich. 108:

"Nothing within that instrument is more conspicuous than the purpose to preserve our local institutions."

The Constitution of 1908 went farther in extending the right of local self-government than that of 1850, considered by the court in the case last cited. There is no doubt the control of a city police department is a function of local municipal government. 1 Dillon, Municipal Corporations (5th Ed.), § 165.

The veterans' preference act was passed for a commendable purpose, but it cannot be construed to infringe upon the constitutional right of local municipal self-government vested by the Constitution in

the cities of Michigan. The veterans' preference
act provides there shall be no removals except for
cause, but:

"Notwithstanding these statutory restrictions and
qualifications of the power to remove, a veteran,
holding a position or employment under a city, may
be discharged without notice when it is done in good
faith and because of lack of work for him to do, or
for reasons of economy, or because the office or posi-
tion has been abolished." 1 Dillon, Mun. Corp. (5th
Ed.), § 408.

See, also, *Swantush* v. *City of Detroit,* 257 Mich.
389.

The authorities universally sustain this proposi-
tion. *People, ex rel. Traphagen,* v. *King,* 13 App.
Div. 400 (42 N. Y. Supp. 961); *People, ex rel.
Nutall,* v. *Simis,* 18 App. Div. 199 (45 N. Y.
Supp. 940); *Reilly* v. *Smith,* 92 Misc. Rep. 309
(156 N. Y. Supp. 686); *People, ex rel. Corrigan,* v.
*City of Brooklyn,* 149 N. Y. 215 (43 N. E. 554);
*Evans* v. *Hudson County,* 53 N. J. Law, 585 (22 Atl.
56); *Newark Fire Comm'rs* v. *Lyon,* 53 N. J. Law,
632 (23 Atl. 274); *Boylan* v. *Newark Police Comm'rs,*
58 N. J. Law, 133 (32 Atl. 78); *Sutherland* v. *Jersey
City St., etc., Comm'rs,* 61 N. J. Law, 436 (39 Atl.
710); *Babcock* v. *City of Des Moines,* 180 Iowa, 1120
(162 N. W. 763); *Downey* v. *State,* 160 Ind. 578 (67
N. E. 450); *Rounds* v. *City of Des Moines,* 213 Iowa,
52 (238 N. W. 428); *McCabe* v. *Judge of the District
Court,* 277 Mass. 55 (177 N. E. 857); *People, ex rel.
Kaufman,* v. *Bd. of Ed. of City of New York,* 166
App. Div. 58 (151 N. Y. Supp. 585); *State, ex rel.
Boyd,* v. *Matson,* 155 Minn. 137 (193 N. W. 30);
*State, ex rel. Quintin,* v. *Edwards,* 40 Mont. 287
(106 Pac. 695, 20 Ann. Cas. 239).

To hold otherwise would be to permit a legislative
act to infringe a constitutional right. When the

municipal officers of a city, vested by the Constitution and laws of the State with the right, power, and authority to administer local self-government, in good faith, reduce the police force of a city, abolish offices, consolidate departments, cut expenses, and seek to balance their budget, neither the legislature nor the court may control their action. There is no evidence of fraud or bad faith. The record indicates a reduction was made in the number of employees in the police department in carrying out a plan of retrenchment by curtailing expenses made necessary by a falling off of public revenues derived from taxation. Under such circumstances, plaintiff cannot complain that the job which he held was abolished and its duties transferred to some other department.

Reversed, without costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.