# STATE OF MICHIGAN

# COURT OF APPEALS

---

KENT COUNTY PROSECUTING ATTORNEY,

        Plaintiff-Appellant,

v

CITY OF GRAND RAPIDS,

        Defendant-Appellee,

and

DECRIMINALIZEGR,

        Intervening Defendant-Appellee.

UNPUBLISHED
January 8, 2015

No. 316422
Kent Circuit Court
LC No. 12-011068-CZ

---

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

PER CURIAM.

Plaintiff Kent County Prosecuting Attorney appeals as of right the May 6, 2013, order granting defendant City of Grand Rapids and intervening defendant DecriminalizeGR summary disposition regarding plaintiff's complaint that an amendment to the Grand Rapids City Charter was preempted by state law. Because the Charter Amendment at issue here is not preempted by state law, we affirm.

On November 6, 2012, the voters of the City of Grand Rapids approved an amendment to the Grand Rapids City Charter ("Charter Amendment"). The relevant portions of the Charter Amendment provide as follows:

> (a) No person shall possess, control, use, or give away marijuana or cannabis, which is defined as all parts of the plant cannabis sativa l., whether growing or not; its seeds or resin; and every compound, manufacture, salt, derivative, mixture, or preparation of the above, unless such possession, control, or use is pursuant to a license or prescription as provided in Public Act 196 of 1971, as amended. This definition does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compounds, manufacture, sale, derivative, mixture or preparation of the

-1-

mature stalks, except the resin extracted therefrom, fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination.

(b) Violations of this section shall be civil infractions. Persons convicted of violating this section shall be fined $25.00 for the first offense, $50.00 for the second offense, $100.00 for the third or subsequent offense and no incarceration, probation, nor any other punitive or rehabilitative measure shall be imposed. Fines and all other costs shall be waived upon proof that the defendant is recommended by a physician, practitioner or other qualified health professional to use or provide the marijuana or cannabis for medical treatment. The court may waive all or part of the fine upon proof that the defendant attended a substance abuse program. It is an affirmative defense to a prosecution under this section that the use or intended use of the marijuana or cannabis relieves, or has the potential to relieve, the pain, disability, discomfort or other adverse symptoms of illness or medical treatment, or restores, maintains or improves, or has the potential to restore, maintain or improve, the health or medical quality of life of the user or intended user or users of the marijuana or cannabis. Requirements of this subsection shall not be construed to exclude the assertion of other defenses.

* * *

(d) No Grand Rapids police officer, or his or her agent, shall complain of the possession, control, use, or giving away of marijuana or cannabis to any other authority except the Grand Rapids City Attorney; and the City Attorney shall not refer any said complaint to any other authority for prosecution.

(e) No Grand Rapids police officer, or his or her agent, shall complain and the City Attorney shall not refer for prosecution any complaint, of the possession, control, use, giving away, or cultivation of marijuana or cannabis upon proof that the defendant is recommended by a physician, practitioner or other qualified health professional to use or provide the marijuana or cannabis for medical treatment.

Plaintiff sued Grand Rapids, seeking declaratory judgment on the ground that the Charter Amendment conflicted with various provisions of the Michigan Constitution and state statutes. Subsequently, the trial court granted Grand Rapids and DecriminalizeGR summary disposition under MCR 2.116(C)(10) based on its conclusion that the Charter Amendment was not preempted by state law.

The grant or denial of summary disposition under MCR 2.116(C)(10) is reviewed de novo to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Under MCR 2.116(C)(10), summary disposition of all or part of a claim or defense may be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

In *Detroit v Walker*, 445 Mich 682, 689-690; 520 NW2d 135 (1994), the Michigan Supreme Court explained:

> The Michigan Constitution provides that "[t]he provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor." Const 1963, art 7, § 34. It also provides that "[n]o enumeration of powers granted to cities and villages in this constitution shall limit or restrict the general grant of authority conferred by this section." Const 1963, art 7, § 22.

> *Accordingly, it is clear that home rule cities enjoy not only those powers specifically granted, but they may also exercise all powers not expressly denied.* Home rule cities are empowered to form for themselves a plan of government suited to their unique needs and, upon local matters, exercise the treasured right of self-governance. See Const 1963, art. 7, § 22. [Emphasis added, alterations in original.]

Here, plaintiff argues that the Charter Amendment violates the clear language of MCL 117.36, which provides that "[n]o provision of any city charter shall conflict with or contravene the provisions of any general law of the state." In *Mich Coal For Responsible Gun Owners v City of Ferndale*, 256 Mich App 401, 406-407; 662 NW2d 864 (2003), we recognized that MCL 117.36 merely repeats the constitutional limit on a municipality's authority found in Const 1963, art 7, § 22 that "[e]ach such city and village shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law." To determine whether a home rule city's action violates Const 1963, art 7, § 22 and MCL 117.36, we apply the preemption doctrine. *Mich Coal For Responsible Gun Owners*, 256 Mich App at 408. "A state statute preempts regulation by an inferior government when the local regulation directly conflicts with the statute or when the statute completely occupies the regulatory field." *USA Cash # 1, Inc v Saginaw*, 285 Mich App 262, 267; 776 NW2d 346 (2009).

Plaintiff argues that the Charter Amendment directly conflicts with state statutes. "For purposes of preemption, a direct conflict exists between a local regulation and a state statute when the local regulation permits what the statute prohibits or prohibits what the statute permits." *McNeil v Charlevoix Co*, 275 Mich App 686, 697; 741 NW2d 27 (2007).

In this case, plaintiff argues that subsections (a) and (b) of the Charter Amendment decriminalize marijuana and therefore conflict with MCL 333.7401(2)(d) and MCL 333.7403(2)(d). MCL 333.7401(2)(d) provides that the manufacture, delivery, or possession with intent to manufacture or deliver marijuana is a felony and MCL 333.7403(2)(d) provides that possession of marijuana is a misdemeanor. However, nothing in subsections (a) and (b) of the Charter Amendment purports to prevent the application of state law as it relates to marijuana offenses. Instead, subsections (a) and (b) of the Charter Amendment create civil infractions for certain actions related to marijuana. This is not a case where the Charter Amendment permits what state law prohibits or prohibits what state law permits as required to show a direct conflict for the purpose of preemption. *Id.* Accordingly, subsections (a) and (b) of the Charter

Amendment do not directly conflict with the portions of state law that criminalize actions related to marijuana.

Plaintiff also argues that the Charter Amendment violates MCL 117.4*l*(3). MCL 117.4*l*(3) provides, in relevant part, that

> [a]n *ordinance* shall not make an act or omission a municipal civil infraction or a blight violation if that act or omission constitutes a crime under any of the following:
>
> (a) Article 7 of the public health code, 1978 PA 368, MCL 333.7101 to 333.7545.
>
> * * *
>
> (j) Any law of this state under which the act or omission is punishable by imprisonment for more than 90 days. [Emphasis added.]

Plaintiff is correct that if a Grand Rapids *ordinance* created a civil infraction for the possession, control, use or gift of marijuana it would directly conflict with MCL 117.4*l*(3). However, MCL 117.4*l*(3) refers only to city ordinances, not to *city charters*. On appeal, plaintiff stops short of arguing that MCL 117.4*l*(3) applies to city charters as well as city ordinances. Rather, plaintiff argues that using a city charter amendment instead of an ordinance is an "end run" around MCL 117.4*l*(3). However, the issue here is not whether the Charter Amendment was an "end run" around MCL 117.4*l*(3), but rather, whether the Charter Amendment is preempted by state law. We conclude that because MCL 117.4*l*(3) only applies restrictions to ordinances, the Charter Amendment is not preempted by state law.

Plaintiff also argues that subsections (a) and (b) of the Charter Amendment violate MCL 117.4b through MCL 117.4r, which primarily govern permissible charter provisions. Plaintiff argues that because MCL 117.4b through MCL 117.4r do not explicitly authorize a city to adopt a charter amendment creating a civil infraction, the doctrine of *expressio unius est exclusio alterius* (the expression of one thing implies the exclusion of other similar things) precludes such an amendment. However, in construing Const 1963, art 7, § 22 and Const 1963, art 7, § 34, the Michigan Supreme Court ruled that "home rule cities enjoy not only those powers specifically granted, *but they may also exercise all powers not expressly denied*." *Walker*, 445 Mich at 690 (emphasis added). Therefore, it is clear that the doctrine of *expressio unius est exclusio alterius* simply is inapplicable to limit a home rule city's power. Consequently, subsections (a) and (b) of the Charter Amendment are not preempted by MCL 117.4b through MCL 117.4r.

Plaintiff next argues that because subsection (b) of the Charter Amendment provides a defense broader than that provided in the Michigan Medical Marihuana Act ("MMMA"), MCL 333.26421 *et seq.*, the Charter subsection is preempted by state law. However, plaintiff provides no support for the proposition that the MMMA prohibits the creation of the affirmative defense in subsection (b) of the Charter Amendment. Instead, plaintiff's argument appears to be limited to the proposition that because the MMMA permits broad immunity from criminal prosecution, civil penalties, and disciplinary actions in certain circumstances under MCL 333.26424 and permits an affirmative defense to charges involving marijuana in certain circumstances under

MCL 333.26428, anything that provides more expansive protections is automatically barred by the MMMA. This argument, however, implies that the MMMA and other state marijuana regulations occupy the entire field of marijuana regulation, which would preclude the affirmative defense in subsection (b) of the Charter Amendment. *USA Cash #1*, 285 Mich App at 267. But plaintiff refuses to argue that the entire field of marijuana regulation has been occupied by state law. Moreover, while the defense provided in the Charter Amendment is "broader" than the defenses provided in the MMMA (e.g., MMMA requires receiving a statement from a physician before possessing marijuana to be eligible for MMMA affirmative defense, *People v Kolanek*, 491 Mich 382, 406; 817 NW2d 528 (2012), but Charter Amendment has no temporal requirement), the Charter Amendment defenses *only* apply to the newly created civil infraction contained in the Charter Amendment. Plus, the Charter Amendment does not "exclude the assertion of other defenses," such as those contained in the MMMA. Importantly, the subsection (2) defense *has no bearing on any prosecutions under state law*. In short, the city was allowed to create a "parallel" civil infraction involving the use of marijuana and to create defenses to that civil infraction. Therefore, because subsection (b) of the Charter Amendment does not prohibit the immunity or affirmative defense allowed by the MMMA and because the MMMA does not prohibit the affirmative defense allowed by the Charter Amendment, subsection (b) of the Charter Amendment is not preempted by the MMMA. See *McNeil*, 275 Mich App at 697.

Plaintiff also argues that the portions of subsections (d) and (e) of the Charter Amendment that bar Grand Rapids police officers from reporting marijuana infractions under the Charter Amendment to plaintiff are invalid. On appeal, plaintiff argues that subsections (d) and (e) impermissibly interfere with plaintiff's power to prosecute violations of state law. Plaintiff's argument assumes that as a part of its powers to prosecute violators of state law, it is entitled to Grand Rapids police officers reporting violations of state law. But, plaintiff provides no authority for the proposition that it is entitled to reports from the Grand Rapids Police Department, and that argument consequently is abandoned. *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). Plaintiff also relies on MCL 49.153, which provides that "[t]he prosecuting attorneys shall, in their respective counties, appear for the state or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions whether civil or criminal, in which the state or county may be a party or interested." But subsections (d) and (e) of the Charter Amendment do not prohibit plaintiff from prosecuting marijuana offenses under state law, which means that those subsections are not preempted by plaintiff's powers under MCL 49.153.

Plaintiff further argues that this Court's opinion in *Joslin v Fourteenth Dist Judge*, 76 Mich App 90, 96; 255 NW2d 782 (1977), requires us to conclude that subsection (d) of the Charter Amendment is violative of state law because a city cannot limit the authority of its police force to enforce state law. The *Joslin* Court was presented with a nearly identical subsection (d) marijuana provision that we have in the present case. The Court held that to the extent that subsection (d) "limits the authority of city police to enforce state law," it was void. *Id.* The Court relied on MCL 764.15(1), which merely provides that peace officers *may* make warrantless arrests in a variety of instances, including when a felony, misdemeanor, or ordinance violation is committed in the officer's presence. However, we are not persuaded that *Joslin*'s holding should apply to the instant case. At the outset, we note that under MCR 7.215(J)(1), we are not compelled to follow *Joslin* because it was issued before November 1990. Further, the present case is distinguishable from *Joslin* because the underlying issue in *Joslin* was whether a

-5-

police officer's violation of subsection (d) barred the defendant's prosecution under state marijuana law, *id.* at 92-93, and here, the issue is whether subsections (d) and (e) of the Charter Amendment are preempted because of a direct conflict with state law. Moreover, we believe that *Joslin*'s holding conflicts with the generally recognized principle that "'[t]here is no doubt the control of a city police department is a function of local municipal government.'" *Royal v Police & Fire Comm'n of Ecorse*, 345 Mich 214, 219; 75 NW2d 841 (1956), quoting *Smith v Flint City Comm'n*, 258 Mich 698, 700; 242 NW 814 (1932). Because the use of the word "may" in MCL 764.15(1) denotes discretionary behavior, see *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008), a local police officer has *discretion*, and is not required by law, to make arrests in connection with violations of state law. Thus, we see no conflict with state law when a city exercises its authority over its police department by limiting when its police force should exercise that discretion.

In sum, the Charter Amendment is not preempted by state law. The parties do not identify a genuine issue as to a material fact in this case, and the trial court did not err in granting summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Mark T. Boonstra
/s/ Pat M. Donofrio
/s/ Elizabeth L. Gleicher

-6-