In the Matter of the Application of CECILIA DANKER, Petitioner, for an Order of Mandamus against THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and Another, Respondents.*

Supreme Court, New York County, July 16, 1934.

*Max D. Steuer*, for the petitioner.

*Paul Windels, Corporation Counsel*, for the respondent.

SCHMUCK, J.   Originally the application was for a peremptory order of mandamus.   On the argument proponent readily conceded that in view of the existence of controverted facts no such relief was legally possible.   The motion is, therefore, submitted and received as an application for an alternative order.   As the question here involved is of vital importance not only to plaintiff, but to many others in a similarly unfortunate condition, meticulous consideration has been given to it, not only to observe the letter of the law but especially to invoke and obey the spirit thereof.   All agree that this seemingly financially impregnable city has been compelled to abdicate its position of imperviousness to conditions and admit the necessity to retrench and practice strict economy.   No quarrel can be had with the endeavor of those intrusted with the city's affairs to have it live within its means.   As the sensible business man avoids disaster by eliminating everything possible and paring to the bone, so must the city, which is but a composite reflection of its citizens' prosperity, do likewise or else take the consequences, but with this difference — while the individual may fairly hire and fire, as it is colloquially expressed, constrained only by contract, the city

* Affd., 242 App. Div. 765.

ordinarily is restricted by law almost to the point of denial in the exercise of the power of dismissal of its servants. Confronted on the one hand with limitation of power and on the other with a budget impossible of performance, the city appealed to the Legislature and finally obtained surcease by the recognition of the emergency and the enactment of the emergency relief laws relieving the city, broadly speaking, from what in normal times is the salutary protection of the Civil Service Law. Aware, however, of human frailty, the Legislature wisely conditioned the exercise of this power, helpful when intrusted to sincere officials but dangerous when exercised by ruthlessly ambitious and self-seeking ones. The emergency relief laws provide for the exercise of the power in good faith; that the suspension must be real, not hypocritically indulged in to oust a personally distasteful employee for one whose clamor for employment the appointing power is eager to satisfy. Above all, the suspension must be occasioned by lack of funds, lack of work and the advisability of temporary abolition of the position. A *précis* of the circumstances alleged to exist may be helpful.

The petitioner became a duly appointed civil service employee in 1922 as a nurse's assistant in the health department. On May first of this year she received the distressing announcement that after May fifteenth her services would be dispensed with and that her name would be returned to the municipal civil service commission with the request that it be placed on the preferred list. Bowing to the inevitable she relinquished her job without demur until she believed her suspension due to motives in violation of section 16 of chapter 178 of the Laws of 1934. Her suspicion aroused, she investigated and came to the conclusion that persons were taken from the emergency relief rolls to do the work formerly done by her. Convinced that her suspension was perfidious; that the resolution of the board of estimate abolishing her position was not in good faith; that her work was necessary to the safe and orderly conduct of the health department and that others could have been better spared, she appeals to the court for redress.

On these facts, although every material assertion is denied by the defendants, it is deemed essential to grant an order for an alternative mandamus. Regardless of who will succeed on the trial and mindful of the decision of this court in *Matter of Grosso* (N. Y. L. J. June 22, 1934), this procedure should be followed, for the petitioner, as all others, should be self-assured that the courts will not tolerate invasion of even the simplest right of the most self-retiring and timid. It may well be that a full and fair hearing will establish that the petitioner, like thousands of others, is a victim of circumstances created by the abnormal conditions of the unusual emer-

gency; that she could best be spared; that no new and illegal appointment was made; that her position was abolished in good faith and that all was done in strict observance of law. As to that, no opinion is expressed, but even if time so proves, yet shall the petitioner have her prayer granted, for in a government by law all must be satisfied that constituted authority must exercise delegated power sincerely, in good faith and with unquestionable impartiality.

Motion granted. Settle order.