James F. Niehoff, J.
In this proceeding pursuant to CPLR article 78, petitioners seek to enjoin respondents from discharging them as employees of the City of Long Beach.
Respondents have moved to dismiss the' petition on the ground that it fails to state a cause of action. Although the propriety of an article 78 proceeding is questionable (see, e.g., Matter of Corbeau Constr. Corp. v. Board of Educ., 32 A D 2d 958) no objection to the form of this proceeding has been raised. Under the circumstances, this court will ignore the defects in procedure. Inasmuch as there is no real/ factual dispute, the proceeding will be determined on its merits.
Petitioners have been notified that their services will be terminated on January 3, 1975. No charges have been preferred against them, nor is there any disciplinary reason for the discharge. It is not disputed that petitioners are being discharged because the positions presently occupied by them are being abolished solely for economic reasons. Petitioners contend they may not be discharged in view of certain provisions in a collective bargaining agreement between the City of Long Beach and the Civil Service Employees Association. Since petitioners do not claim that respondents have acted or are acting in bad faith, the only issue before this court Is the meaning and effect of that agreement.
There is no doubt that the city agreed that persons employed prior to December 1, 1972 would not be discharged except pursuant to section 75 of the Civil Service Law for the term of the agreement. The agreement specifically excluded economy or abolition of a position as grounds for dismissal. However *765 that may be, respondents argue that said portions of the collective bargaining agreement do not relate to a term or condition of employment and, so, are beyond the municipality’s power of contract and are unenforceable.
While the court is reluctant to strike down as unenforceable a provision of the collective bargaining agreement which has been arrived at after detailed negotiations, it would seem to the court that there is no alternative in the case at bar.
Section 204 of the Oivil Service Law empowers public employers to negotiate collectively with employee organizations and to enter into written agreements with such organizations in determining the “terms and conditions of employment.” In fact, the Court of Appeals has stated that if an item comes within the meaning of the phrase “terms and conditions of employment ” the public employer “ must negotiate as to such term or condition and, upon reaching an understanding, must incorporate it into the collective agreement unless some statutory provision circumscribes its power to do so.” (Board of Educ., Union Free School Dist. No. 3, Town of Huntington v. Teachers, 30 N Y 2d 122, 127.)
Since the public employer’s power to bargain collectively is limited to such matters as are classifiable as ‘ ‘ terms or conditions of employment ”, it follows that the public employer may not lawfully bind itself in a collective bargaining agreement with respect to items not so classifiable.
It is axiomatic that an appointing official has the power to abolish a civil service position when acting in good faith (see Matter of Blatz v. Esser, 189 App. Div. 763, 765). Consequently, the public employer cannot surrender the power to abolish positions in good faith through the vehicle of a collective bargaining agreement unless the subject of the abolition of positions constitutes a term or condition of employment.
In matters involving disputes over negotiation, the Public Employment Relations Board (PERB) has been given the authority to determine whether a particular matter is or is not negotiable as a term or condition of employment and its determination should be accepted if not unreasonable. (Matter of West Irondequoit Teachers Assn. v. Helsby, 35 N Y 2d 46, 51.) On more than one occasion PERB has held that the reduction of a work force for economic reasons does not constitute a term or condition of employment and, so, is not a proper subject for collective bargaining between a public employer and an employee organization (see, e.g., Matter of City of White Plains, 5 PERB 3008; Matter of Yorktown Faculty Assn., 7 *766 PERB 4503). This court does not find PEKB’s opinion to that effect to he unreasonable. Indeed, the court is of the view that it would be highly improper to permit municipal officers to commit a municipality to the continuance of a particular number of employees for a multiyear period despite the economic condition of .said municipality.
Therefore, the abolition of positions is held not to be a term or condition of employment, is not the proper subject of a collective bargaining agreement, and such a provision is not binding upon the public employer (see Matter of Carmel Cent. School Dist., 76 Misc 2d 63, 66, 67). That being so, the portion of the agreement in this case relating thereto will not be enforced.
Accordingly, judgment is granted in favor of respondents, dismissing the petition.