■ In the Matter of JOHN BURKE et al., Appellants, v RICHARD J. BOWEN, as City Manager of the City of Long Beach, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to annul respondents' termination of the employment of 13 members of the Paid Fire Department of the City of Long Beach and for injunctive relief, petitioners, 22 remaining members of the paid fire department, appeal from a judgment of the Supreme Court, Nassau County, entered July 15, 1975, which granted respondents' motion to dismiss the proceeding for failure to state a cause of action, and dismissed the petition. Judgment affirmed, without costs. Respondents did not act in excess of their jurisdiction in terminating the employment of the 13 firemen. The Long Beach City Council is the legislative branch of government in the City of Long Beach and clearly has authority to decide how many firemen shall be "necessary for the conduct of the Fire Department" (Code of Ordinances of the City of Long Beach, § 11-51; Charter of the City of Long Beach, §§ 65, 70). Appellants' reliance on *Timpano v Hanna* (77 Misc 2d 874) is misplaced, since the Long Beach City Council, unlike the Board of Estimate and Apportionment of the City of Utica, is the very legislative body which is responsible for the enactment of ordinances. No ordinance specifies any set number of positions in the paid fire department, and the city council could, by adoption of a budget, abolish such positions. The provisions of the collective bargaining agreement between the City of Long Beach and the Uniformed Fire Fighters Association, which require a minimum complement of fire fighters and a minimum staff per tour, do not constitute terms and conditions of employment *(Matter of Niagara Falls Uniformed Firefighters Assn. [City of Nagara Falls]*, 8 PERB 3030; *Matter of City of White Plains [Professional Fire Fighters Assn. of White Plains]*, 5 PERB 3008). They are not, therefore, proper subjects of a collective bargaining agreement and are not binding upon the respondent public employer *(Matter of Lippmann v Delaney,* 48 AD2d 913; see *Board of Educ., Union Free School Dist. No. 3, Town of Huntington v Associated Teachers of Huntington,* 30 NY2d 122). However, petitioners do have a right to demand negotiations with respect to the impact of respondents' action and, also, with respect to the number of fire fighters to be assigned per piece of fire

fighting equipment. These are terms and conditions of employment and are therefore mandatory subjects of negotiations *(Matter of Niagara Falls Uniformed Firefighters Assn. [City of Niagara Falls],* 8 PERB 3030, *supra; Matter of City of White Plains [Professional Fire Fighters Assn. of White Plains],* 5 PERB 3008, *supra;* see *Matter of West Irondequoit Teachers Assn. v·Helsby,* 35 NY2d 46), and petitioners may insist on such negotiations notwithstanding that the current collective bargaining agreement is in mid-term *(Matter of North Babylon Union Free School Dist. [North Babylon Teachers Organization],* 7 PERB 3027). Clearly, the proper remedy for any refusal to negotiate with respect to these terms and conditions of employment is to file charges with the Public Employment Relations Board for an order pursuant to section 205 (subd 5, par [d]) of the Civil Service Law. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.