Edward S. Conway, J.
This is a CPLR article 78 proceeding brought in the form of a class action by petitioners for an order: (1) declaring that the layoff procedures by which the labor class employees in the Department of Transportation were terminated were arbitrary and capricious and therefore null; (2) canceling the layoff notices issued by the Department of Transportation; (3) restoring the petitioners and all others similarly situated to the positions they held prior to the issuance of the layoff notices.
As the result of State-wide budgetary cuts to meet a severe State fiscal crisis, respondent Department of Transportation was forced to reduce its staff by laying off 200 labor class employees including petitioners Robert Jones and Dennis Darius, honorably discharged veterans. They received termination notices effective July 1, 1975.
Section 86 of the Civil Service Law provides that where, because of economy, positions in the noncompetitive or labor class are abolished, the honorably discharged veteran "holding such position shall not be discharged from the public service but shall be transferred to a similar position wherein a vacancy exists, and shall receive the same compensation therein. It is hereby made the duty of all persons clothed with the power of appointment to make such transfer effective. The right to transfer herein conferred shall continue for a period of one year following the date of abolition of the position, and may be exercised only where a vacancy exists in an appropriate position to which transfer may be made at the time of demand for transfer.”
Petitioners Jones and Darius contend that respondents have abolished the positions and laid them off in complete violation of section 86 in that they were not notified that as veterans they had any special rights nor were they advised that they *507 could transfer to a vacant position or that any vacancies existed and further, they contend that discretion given to individuals to select the employees to be terminated violated the fundamentals of the Civil Service Law.
A class action may not be maintained herein as each employee’s case must be judged on the particular circumstances of his employment (Gaynor v Rockefeller, 15 NY2d 120; Society Milion Athena v National Bank of Greece, 281 NY 282).
There is no question that a public employer has the inherent right to abolish positions in good faith for economic reasons (DeLury v City of New York, 48 AD2d 595; Matter of Lippmann v Delaney, 48 AD2d 913; Matter of Schwab v Bowen, 80 Misc 2d 763), and the tenure provisions of section 75 of the Civil Service Law and union contracts are inapplicable (DeLury v City of New York, supra). Labor class employees, as petitioners herein are, do not acquire preference in retention on the basis of seniority or veterans’ status upon the abolition of their positions as do competitive and certain noncompetitive class employees (Civil Service Law, §§ 80, 80-a).
Although this court is of the opinion that honorably discharged veterans should be notified of their veterans’ rights under section 86 of the Civil Service Law upon discharge, due to abolition of their position, the court is of the further opinion that failure of such notice, which is not specifically required by the statute, does not constitute adequate reason for reinstatement.
There is, in this court’s opinion, a reasonable basis for the action taken by the respondents and the layoffs were in conformity with the law.
The motion of the petitioners is denied and the petition is dismissed.