■ In the Matter of the BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT, Respondent, v YONKERS FEDERATION OF TEACHERS, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the Yonkers Federation of Teachers appeals from an order of the Supreme Court, Westchester County, dated December 24, 1975, which, *inter alia,* (1) granted the petition and (2) declared null and void, as against public policy, so much of the collective bargaining agreement between the parties as purports to prohibit petitioner from discontinuing the services of any employees for economic reasons or because of the abolition of programs. Order affirmed, without costs. The provision of the collective bargaining agreement between the Board of Education of the Yonkers City School District and the Yonkers Federation of Teachers, covering the period July 1, 1974 to June 30, 1977, which purports to grant all persons in the bargaining unit absolute job security, except in cases of unsatisfactory job performance, cannot deprive the petitioner public employer of its power to abolish such positions as, in its judgment, must be abolished by virtue of economic necessity (see Education Law, § 2554, subd 2). The good faith abolition of job positions is not a term or condition of employment; any collective bargaining agreement purporting to bind the public employer thereon cannot be upheld *(Matter of Burke v Bowen,* 49 AD2d 904; *Matter of Lippmann v Delaney,* 48 AD2d 913). Even were we to accept the concept that a public employer may voluntarily choose to bargain collectively as to a nonmandatory subject of negotiation and agree, generally, to submit contract disputes

to arbitration, public policy demands that arbitration be denied in this case and that the public employer's job abolition power remain unfettered (cf. *Susquehanna Val. Cent. School Dist. v Susquehanna Val. Teachers Assn.,* 37 NY2d 614). The New York State Legislature has declared the City of Yonkers' fiscal situation a "disaster" which creates a "state of emergency" and has deemed it a matter of overriding State concern that the city's finances be again put in order (L 1975, ch 871, § 1). The petitioner board has no alternative but to continue to cut its budget to meet drastically reduced appropriations; it must retain the power to discharge employees when it is absolutely necessary to do so (see, also, *Matter of Schwab v Bowen,* 51 AD2d 574). Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.