■ In the Matter of JOHN SCHWAB et al., Appellants, v RICHARD J. BOWEN, as City Manager of the City of Long Beach, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to enjoin respondents from discharging petitioners as employees of the City of Long Beach, petitioners appeal from a judgment of the Supreme Court, Nassau County, dated January 16, 1975, which dismissed the petition. Judgment affirmed, without costs. The provisions of the collective bargaining agreement between the City of Long Beach and the Civil Service Employees' Association, covering the period December 1, 1972 through June 30, 1975, which purported to

grant all employees hired prior to December 1, 1972 absolute job security, except in cases of misconduct, cannot serve to deprive the public employer of its power to abolish the very job positions which it had itself previously created. Such good faith creation and abolition are not terms and conditions of employment; the provisions of any collective bargaining agreement which purport to bind the public employer thereon cannot be upheld (see *Matter of Burke v Bowen,* 49 AD2d 904; *Matter of Lippmann v Delaney,* 48 AD2d 913). Even were we to accept the concept that a public employer may voluntarily choose to bargain collectively as to a nonmandatory subject of negotiation, the public interest or welfare in this case demands that the public employer's job abolition power remain unfettered (cf. *Susquehanna Val. Cent. School Dist. v Susquehanna Val. Teachers Assn.,* 37 NY2d 614). Regardless of fault, the fact remains that the fiscal crisis facing the City of Long Beach threatens its very ability to govern and to provide essential services for its citizens. The city must not be stripped of its means of survival. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur. [80 Misc 2d 763.]