HON. HOWARD F. MILLER Deputy Director Division of the Budget
This is in reply to your inquiry as to whether the abolition of positions is a necessary prerequisite to the termination of employees for reasons of economy.
Any consideration of this question must be grounded on the principle that once a public employee has acquired permanent status in the classified service, he may not be removed, suspended or demoted in grade except in accordance with statutory authority. This principle governs all such actions, whether for reasons of physical disability (Civil Service Law, §§ 71, 73) incompetency or misconduct (Civil Service Law, § 75) or reductions in force (Civil Service Law, § 80).
Civil Service Law, § 80 relates to the suspension or demotion of employees whose positions "are abolished or reduced in rank or salary grade" to accomplish a reduction in force. Unfortunately for this inquiry, the section is not as clear as it might be, since it speaks in terms of "where * * * positions * * * are abolished * * *". That is to say, this section deals with the effect upon the holders of the positions which have been abolished or reduced in rank. It does not, in so many words, require the abolition of positions in those circumstances. I find no other statutory provision relevant to your question.
Prior to the recodification of the Civil Service Law (L. 1958, c. 790, effective April 1, 1959) former section 31, relating to separation of competitive class employees generally referred to the rights of employees whose positions were "abolished or made unnecessary" and provided that such employees "shall be deemed to be suspended without pay * * *". The phrase "or made unnecessary", however, was dropped in the recodified section (present section 80).
It is now well established that an employee holding permanent status in the classified service may be suspended as the result of abolition of positions for reasons of economy, provided only that the abolitions are necessary and made in good faith (Civil Service Law, §§ 80, 80-a; Matter of Schwab v. Bowen,80 Misc.2d 763, affd. 51 A.D.2d 574 [2d Dept., 1976]; Matter of Felder
v. Fullen, 27 N.Y.S.2d 699, affd. 263 App. Div. 986, affd.289 N.Y. 658 [1942]; Mtr. of Danker v. Dept. of Health, 153 Misc. 502, affd. 242 App. Div. 765 [1st Dept., 1935]; Matter ofBrizzolara v. McKenzie, 166 Misc. 282 [Sup. Ct., N.Y. Co., 1938]; Matter of Reilly v. Smith, 92 Misc. 309 [Sup. Ct., N Y Co., 1915]). See also DeLury v. City of New York, 48 A.D.2d 595,601 (1st Dept., 1975), citing with approval the reasoning in Matter of Schwab v. Bowen, (supra).
The question remains, however, whether it is permissible to accomplish the necessary economies, under similar circumstances, by the suspension of employees without the abolition of their positions. It has been suggested that this alternative of vacating but not abolishing positions reaches the same result by simpler means.
In view of the fact that the Civil Service Law makes express provisions for those cases in which tenured employees may be suspended (e.g., §§ 72, 75 [3]) and makes no provision for suspension for economy reasons except in the context of abolition (i.e., § 80) I must conclude that abolition of positions is a necessary prerequisite. I find nothing to support a contrary view.
Nor do I find any basis for drawing different conclusions based on whether suspensions are the result of legislative or executive action.