Arthur C. Aulisi, J.
Sometime during the year 1968, the petitioner, Charles DeMay, was appointed as Director of the Rodent Control Program of the City of Amsterdam. The program was a Federally sponsored one and had been undertaken by the city pursuant to an agreement with the Federal government which provided for 90% financial assistance to the city. Although later developments affected the original arrangement, the program was continued by the city and the petitioner continued to serve as its director. On April 24, 1971, the petitioner took a civil service examination for the position of Public Health Sanitarian which was being offered by the Municipal Civil Service Commission of the city. A letter from the commission to the petitioner, dated July 22, 1971, notified him of his rating on the examination and of his standing of No. 1 on the eligible list established for the position. On September 27, 1971, the Mayor of the city notified the common council, the petitioner and the affected city departments of his appointment of the petitioner to the position of Public Health Sanitarian, the letter of notification stating "Salary remaining the same.”
On May 25, 1976, the Mayor notified the petitioner "that your services are terminated as of June 15, 1976”, citing "financial problems as per the 1976 city budget”.
Petitioner now brings this proceeding seeking reinstatement and other related relief, claiming that he was discharged by the Mayor in a manner not authorized by law.
It is now well established that an employee holding permanent status in the classified service may be suspended as the result of abolition of positions for reasons of economy, provided only that the abolitions are necessary and made in good faith. (Civil Service Law, §§ 80, 80-a; Matter of Schwab v Bowen, 80 Misc 2d 763, affd 51 AD2d 574.)
In applying the rule to the facts of this case, the court finds that the Mayor’s letter of May 25, 1976 did not abolish the position of Public Health Sanitarian, but merely terminated *749 the services of the petitioner under the appointment which was made on September 27, 1971.
To achieve the abolition of a position as permitted by the statute, the city, acting through its officials, should be required to do more than make a bare statement that because of the lack of funds the petitioner’s services are terminated.
The holder of a civil service appointment should be entitled to more if the protection envisioned by the Civil Service Law is to achieve its purpose in this respect.
There is no implication of any bad faith on the part of the Mayor in the motion papers. It may be worthy of note that the Mayor had initially appointed the petitioner to the position.
If the Mayor believes that for good reason the position of Public Health Sanitarian should be abolished, he may do so in accordance with law.
For the foregoing reasons, the application of petitioner is granted in all respects.