■ In the Matter of YONKERS FEDERATION OF TEACHERS, Respondent, v BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the Board of Education of the Yonkers City School District appeals from an order of the Supreme Court, Westchester County, entered February 11, 1977, which, *inter alia,* confirmed the award of the arbitrator. Order affirmed, without costs or disbursements. A review of the record reveals that the arbitrator did not exceed his authority and that the award was not irrational or incapable of being implemented. The evidence adduced at the arbitration hearing indicates that the City of Yonkers has not fully exhausted its taxing power as set by the State Constitution. Moreover, the teaching positions could be funded by further cuts in other services which, although a severe measure, would not be disastrous to the welfare of the city. The record further demonstrates that 9 or 10 of those laid-off had been nurse-teachers and were replaced by nurses at the same pay scale. We also note that the very job security clause which the arbitrator found to have been violated has been held to be valid by the Court of Appeals *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268). Thus, having entered into an agreement not to discharge teachers for budgetary reasons, the board of education should be bound thereby. In fact, it was for the very purpose of avoiding lay-offs such as those involved herein that the

teachers bargained for, and obtained, the job security clause. Thus, to permit the board of education to renege on its agreement by merely claiming a financial crisis, the very thing the clause was designed to protect the teachers against, would result in the collective bargaining process, and the sanctity of agreements reached thereby, being thrown into disarray. Finally, the award of 6% interest in this arbitration proceeding was solely a matter within the arbitrator's discretion. Martuscello, J. P., Latham, Margett, Mollen and O'Connor, JJ., concur.